(*Circuit Court of Peoria County. In Chancery.*)

### Ephraim Marshall, et al.

### vs.

### Thomas McClellan, et al.

(February, 1870.)

1. TAXES—INJUNCTION TO STAY COLLECTION OF. An injunction to stay the collection of taxes should not be allowed except in extreme cases, where the grounds are clear.

2. INJUNCTION—POWER OF JUDGE TO ISSUE IN TERM TIME. An injunction awarded by a judge during term time is a nullity as his right to so act exists only in the vacation period. The authority to issue injunctions during term time rests in the circuit court and not in the individual judges.

Motion to vacate order for injunction. Heard before Puterbaugh, J. The facts are stated in the opinion.

Puterbaugh, J.:—

The bill in this case was filed in the circuit court of Peoria county on the — day of February, instant, and was regularly docketed as of the present term. The complainants then interposed a motion on the motion docket, under the rules of the court, for an injunction. While this motion was pending, the bill was taken from the files of the court, and, in clear violation of the standing rules, carried to another circuit, and an injunction obtained, not from any court, but from a judge in his official capacity.

When the motion was called, the court declined to issue a temporary injunction, but expressed a willingness to award a provisional writ until the coming in of the answer, and the merits of the motion could be fully heard. The counsel for the respective parties then stipulated in open court that a provisional injunction should be waived, and that the defendants would forbear doing any of the acts complained of, until the motion could be determined.

An injunction to stay the collection of taxes should not be allowed, except in extreme cases. The revenues are indispensable to the existence of the government, and to stop their collection must necessarily lead to great public embarrassments, and hence a court should not grant the writ except upon a full investigation, and where the grounds are clear.

The only question to be considered upon this motion is, whether the judge granting the writ had the power to do so. If he had, then the order must stand until the injunction is sustained or dissolved upon the hearing of the case. If the act of the circuit judge is unauthorized by law, then that act can have no more effect upon the rights of the parties in this case, than the act of any unauthorized person.

The statute conferring the power upon judges to issue injunctions is as follows:

"The Supreme and Circuit Courts in *term time*, and any judge thereof in *vacation*, shall have power to grant writs of *ne exeat* and injunction."

While the power given is broad and comprehensive, and injunctions when thus granted may operate throughout the

state, the times when they may be awarded are specifically stated.

The order of the judge of the 21st judicial circuit in granting this writ is made by him in his capacity as judge. It does not appear to have emanated from any circuit court in term time. It is simply an order directing the clerk of this court to issue the writ, notwithstanding the judge presiding over this court is present and in the discharge of his duty. It will be seen from the statute that applications for injunctions must be made to the ''Circuit Court during term time.'' No authority is conferred upon a *judge* to grant the writ during the ''term time.'' He can only act during *''vacation.''* The circuit court of Peoria county at the time this injunction was awarded, was in session, consequently the application must have been made and determined in that court.

The order, therefore, directing the injunction to issue, is wholly without authority of law, and is absolutely null and void, and will therefore be set aside, and for naught held and esteemed.

It would be a monstrous doctrine to hold, that after a court has acted upon questions pending before it, during the session of the court, that any circuit judge can step in and interfere and reverse the orders of the presiding judge, while sitting as a court. During ''term time'' no judge of another circuit has any power to interfere in any manner with the proceedings in the court in session.

To sustain such an unwarrantable assumption of power, would be to destroy public confidence in the stability of our judicial tribunals, and bring them into contempt.

In the case of *Welch v. The People,* 38 Ill. 20, the supreme court held that when one circuit judge, to whom application had been made in vacation for an injunction had refused the writ, it was merely a question of courtesy, whether another judge to whom a second application may be made, will look into the case and allow the writ. In that case the suit upon which the applications were made was not yet pending, nor was the court in the county where the writ was to be issued and made returnable in session.

If there was a *vacation* of the circuit court of Peoria

county, no one would doubt the power of any circuit judge in the state, to award injunctions, etc., affecting the rights of the people of the county. But in this case no such "vacation" existed. And although the power is acknowledged, even when the judge of that court is present, yet the courtesy and propriety of such action would be open to comment, and no doubt strongly questioned.

The rule adopted in this circuit in relation to granting injunctions in cases outside of the circuit, is that it must be shown by affidavit that the local judge is absent, or from other cause application cannot be made to him, in time to protect the rights of the party complaining, before the judge of this court will interfere.

And while it is within the discretion and power of every circuit judge to adopt such rules upon this subject as to him seems expedient, yet it would greatly promote the courtesy existing between the judges if the practice in relation to granting injunctions in such cases, was more uniform throughout the state.

Such interference in judicial proceedings must be humiliating, and are well calculated to lessen the confidence of the people in the standard of our judiciary. It is gratifying to know that, in the whole history of our state jurisprudence, no parallel case can be found.

I am well satisfied that the judge of the 21st judicial circuit acted in this matter from a misapprehension of the facts. I know from many years personal acquaintance with that gentleman, that he was only actuated by a high sense of duty.

And while I regret the necessity of disregarding any of his official acts, the right of the parties in this case, the interest of public justice, and a due regard to judicial integrity, impels that course.

The order being vacated, the motion pending for an injunction will be determined upon its merits.

### NOTE.

Immediately upon the delivery of the above opinion, the complainants dismissed their bill and obtained leave of the court to withdraw it from the files with a view of obtaining an order for an injunction from one of the supreme judges.—Ed.