COOPER GROCERY COMPANY ET AL. v. J. R. PETER.

Decided March 2, 1904.

**1.—Judgment—Injunction—Jurisdiction.**

In a county having two district courts, suit may be maintained in one to enjoin the sale, under execution issuing out of the other court, of land exempt as homestead; the statute (Rev. Stats., art. 2996) requiring injunctions to stay execution on a judgment to be tried in the court in which the judgment was rendered has no application.

**2.—Business Homestead—Sale of Business.**

A merchant who has sold out his stock and business and leased the building to another, can not sustain his claim to hold it exempt from execution as his business homestead by reason of his intention to resume business therein, when the evidence shows no present ability to resume nor reasonable expectation of being able to do so in the immediate future.

**3.—Business Homestead—Partial Occupancy.**

Evidence considered and held to support a claim of business homestead by one who, selling out a mercantile business and leasing his building to another, continued to occupy an office in it for the business of buying cotton and taking orders for clothing by sample.

Appeal from the District Court of McLennan. Tried below before Hon. Sam. R. Scott.

*Davis & Cocke,* for appellants.

No briefs for appellee.

STREETMAN, ASSOCIATE JUSTICE.—The Cooper Grocery Company and T. M. West having a judgment against appellee, J. R. Peter, in the District Court of the Nineteenth Judicial District of McLennan County, Texas, on March 14, 1903, caused an alias execution to issue under said judgment, which was levied on a portion of lot No. 12, in block 2, in the town of West, McLennan County, Texas. On July 30, 1903, another execution was issued and levied on said entire lot.

After the issuance of the first execution, appellee filed his petition in the Fifty-fourth District Court, of said county, and obtained a temporary injunction against the sale of said property, upon the ground that the same constituted his business homestead. Upon the trial of the case, the injunction against the sale of said property was perpetuated, and from this judgment said Cooper Grocery Company and West have appealed.

The first assignment of error questions the jurisdiction of the District Court of the Fifty-fourth District to determine the merits of the injunction because the judgment under which said executions were issued was a judgment of the Nineteenth District. Article 2996, Revised Statutes, provides: "Writs of injunction granted to stay proceedings in a suit or execution of a judgment shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered." This suit, however, it not to stay any proceedings in said suit or to stay the execution on the judgment. The only relief

sought is an injunction against the sale of this particular property, and the injunction did not prevent the levy of the process upon other property which might have been subject to it. We are therefore of the opinion that the article of the statute cited did not apply, and that the District Court of the Fifty-fourth District had jurisdiction as in ordinary cases.

The other assignments of error complain of the insufficiency of the evidence to sustain the judgment of the court upon the issue of business homestead. The evidence of the plaintiff is that prior to June 6, 1902, he was engaged in the grocery business, and occupied the property in controversy for that purpose. On that date he sold out his stock of merchandise and rented the property in controversy to Chocek & Kusera, who thereafter used the property for a saloon and grocery store.

The evidence shows that the appellee refused to rent the property for a term of years, and rented it only by the month. There is also evidence to show that as a part of the rental contract he reserved the right to use the office and his desk situated in the house.

Appellee based his claim of business homestead, in part, upon the idea that he expected to resume the mercantile business in said house. We are of the opinion, however, that the evidence upon this phase of the case would not have sustained the judgment in favor of appellee. The record shows that he had no present ability to resume business, and does not indicate any reasonable expectation of being able to do so at any time in the immediate future; and if this were the only basis for the homestead claim, we believe that appellant should have had judgment under the authority of the case of Shryock v. Latimer, 57 Texas, 674.

It was further shown, however, that before the appellee sold his stock of merchandise he was engaged in the business of buying cotton, and also in the business of taking orders for tailor-made clothing; and he testifies that he continued to pursue these two lines of business after the sale of his merchandise, and that he used the property in question as his place of business for said purposes. The evidence shows that he kept his samples of clothing in this office, and that he also kept his books of account and other books necessary to the transaction of these two lines of business in his desk on said premises. His evidence tends to show that his business in each of these lines was very limited, especially during the season immediately preceding the levy of the execution; but we can not say that the evidence is in such condition as to warrant us in finding that the plaintiff was not actually engaged in this business, as he testified, and that he was not using the premises in question for that purpose.

It is also worthy of note that the evidence fails to show that the appellee had engaged in any other business. An effort was made by appellants to prove that he had engaged in other business, but the evi-

dence was such as to warrant the lower court in concluding that such was not the fact. The record upon the whole presents, in our opinion, simply a close question of fact upon this issue of business homestead, and is in such condition that do not feel authorized to disturb the finding of the lower court in favor of the appellee.

The judgment is therefore affirmed.

*Affirmed.*

Writ of error was refused by the Supreme Court April 28, 1904.