G. SEELIGSON ET . AL. v. G. C. GIFFORD ET AL.

Decided May 29, 1907.

**1.—Injunction—Venue.**

A writ of injunction, sued out by a stranger to the judgment, to restrain an execution sale, is returnable to the county in which the property levied on is situated when the validity of the judgment itself is not attacked.

**2.—Discontinuance—Statute Construed.**

An entry of discontinuance, purporting to be made by the plaintiffs but signed by attorneys for plaintiffs, is valid and effective under art. 1258, Rev. Stats.

**3.—Reconvention—Jurisdiction.**

A plea in reconvention filed in a court that has no jurisdiction of the plaintiffs, is ineffectual to hold the plaintiffs in such court.

Appeal from the Fifty-sixth District Court, Galveston County. Tried below before Hon. Robt. G. Street.

*G. E. Mann* and *C. S. Briggs,* for appellants.—It is within the power, and is the duty of the judge, who has directed his fiat for injunction to the wrong court, to amend fiat and send to "proper court," and neither filing in, nor dismissal, as attempted in District Court of Wharton County, annulled the fiat or deprived the judge of the right to amend fiat, in vacation or during the term, and send the papers to the "proper court." Rev. Stats., arts. 1194, 2996, 2993; Aultman v. Higbee, 32 Texas Civ. App., 502; 22 Texas Civ. App., 545; Leachman v. Capps, 89 Texas, 691; Van Ratcliff v. Call, 72 Texas, 491; Seligson v. Collins, 64 Texas, 314; Ellis v. Harrison, 24 Texas Civ. App., 19; Bender v. Damon, 72 Texas, 92; Adoue v. Wettermark, 93 Texas, 523, and 94 Texas, 82; Mann v. Wallis, Landes & Co., 75 Texas, 614.

As to reconvention: Ferguson v. Herring, 49 Texas, 130, 57 Texas, 135; Sharp v. Schmidt, 62 Texas, 264.-

The facts and considerations that induce a judge to amend his fiat of injunction are peculiarly matters of personal discretion, and no other district judge can pass on the amended fiat, other than to hold that it is a nullity. Borden v. Houston, 2 Texas, 600; Jones v. Jackson, 3 Texas, 310.

Court will use its power when being imposed on. Van Zant v. Argentine, 2 McCrary (U. S. Cir. Ct.), 642; Purdy v. Irwin, 22 Cal., 350.

Alleged secret equity no ground for injunction. Belt v. Raguet, 27 Texas, 483; Brooks v. Lewis, 83 Texas, 338; Buchanan y. Moroe, 22 Texas, 541; Coates v. Caldwell, 71 Texas, 21; Catlin v. Bennatt, 47 Texas, 165.

Amending fiat after issuance of writ. Dickerson v. McDermott, 13 Texas, 248.

The fifth assignment of error presents this proposition:

That where statute says "plaintiff or his attorney" is revised to "plaintiff," that attorney can not enter dismissal in vacation. Yar-

brough v. Collins, 91 Texas, 306; Burgess v. Hargrove, 64 Texas, 110.

*Terry, Cavin & Mills* and *Brooks & Cline,* for appellees.

JAMES, Chief Justice.—This appeal is taken from a judgment of the District Court of Galveston County sustaining a plea of privilege and to the jurisdiction. The substantial facts are as follows: G. Seeligson recovered in the District Court of Galveston County a judgment against the Wharton Oil & Cotton Company, a corporation having its domicile in Wharton County, and R. L. Heflin as surety. He caused a levy of an execution thereunder to be made on the property of the Wharton Oil & Cotton Company, and the sale was advertised to take place on June 6, 1905, by the sheriff of Wharton County. G. C. Gifford & Company and others, on May 29, 1905, presented a petition to the District Judge in Wharton County, asking an injunction against such sale, until a hearing could be had thereon at the November term of the District Court of that county. The petition and exhibits show that all the property of said company was mortgaged to G. C. Gifford & Company to secure notes for $29,000, due June 1, 1905, secured by deed of trust, also that Gifford & Company in addition, held the Oil Company's note for $5,000 with reference to which all the stockholders, including Seeligson, had agreed that it should be paid to Gifford & Company out of the first proceeds of sale of the property before payment of said $29,000, and that if the property did not sell for enough to pay both sums, then each stockholder would pay Gifford & Company his pro rata of the balance. The petition further alleged that this agreement about the $5,000 was not of record, nor susceptible of being recorded, and that while Seeligson was a party to it, that should an innocent purchaser buy at the proposed execution sale, it would cloud plaintiff's rights as to said $5,000 claim. The prayer was for citation, for an order restraining the sale, and that the equities existing between Gifford & Company and Seeligson be adjusted, and that it be decreed in advance of any sale of the property, in effect, that the sale be subject not only to the deed of trust but to the $5,000 note, and for general relief. The fiat made the papers returnable to the District Court of Wharton County, and writ was issued and served from that court.

Soon after this, application was made to the Judge in Chambers to amend the fiat so as to make the writ returnable to Galveston County. The judge did not act further until the application was renewed at the first succeeding term in November. In the meantime, on September 20, plaintiffs had entered a dismissal of the proceeding on the docket and paid all costs. No motion to amend the fiat, nor any pleadings were filed in the court by defendants. In this condition of things in December the judge granted the application to make the case returnable to Galveston.

On January 26, 1906, in Galveston District Court, Seeligson answered and filed a cross-bill, or reconvention for actual and exemplary damages for the wrongful suing out of the writ, and next day

Heflin filed a plea of intervention alleging that he had already paid Seeligson in full and that Seeligson had no further interest in the subject matter, but that he, Heflin, had become subrogated to his rights.

On March 19, 1906, appellees filed a plea to the jurisdiction of the court, setting up the said dismissal of the cause in the District Court of Wharton County, and pleading their personal privilege to be sued in Wharton County as to the matter alleged in reconvention, and the plea was sustained and the cause dismissed.

The appellants attack the correctness of this judgment upon the theory that the District Court in Galveston County, in which the judgment enjoined was rendered, was the proper court to hear and determine the injunction suit, and that it was a matter of which the District Court of Wharton County had no jurisdiction. Upon this theory appellants say that neither the filing of the proceeding in the District Court of Wharton County nor the judge's original mistaken fiat, deprived him of the right to correct his fiat and send the case to Galveston County; and that the case filed by mistake of fiat in the wrong court, is not in that court a suit which plaintiff may, by entry of a discontinuance, terminate.

We are unable to agree with appellants that the proceeding was one which came within the statute requiring the case to be tried in the court rendering the judgment. The injunction was sued out in the interest of Gifford & Company, who were strangers to the judgment. The nature of the proceeding was to establish and protect a right appertaining to them in reference to the property levied upon. The judgment itself was not sought to be called into question. We think this is sustained by the views expressed in the following cases: Winnie v. Grayson, 3 Texas, 429; Huggins v. White, 7 Texas Civ. App., 567; Van Ratcliff v. Call, 72 Texas, 491; Kempner v. Ivory, 29 S. W. Rep., 539; Modisett v. National Bank, 23 Texas Civ. App., 593.

It is also contended by appellant that the discontinuance was of no effect for the further reason that it was entered by plaintiffs' attorneys instead of by plaintiffs themselves. The early statute on the subject of discontinuance read: "The plaintiff or his attorney may enter a discontinuance on the docket of the clerk in vacation in any suit wherein the defendant has not answered, on the payment of all costs that have accrued therein." P. D. article 1440. The present statute, article 1258, Revised Statutes, reads the same except that it says "the plaintiff" instead of "the plaintiff or his attorney." The entry made was: "On the 20th day of September, 1905, in vacation, the defendants Wharton Oil & Cotton Company, George Seeligson and R. A. Rich not having answered herein, the plaintiffs G. C. Gifford & Company, a firm composed of G. C. Gifford and P. A. Murray, R. M. D. Sorrell, H. J. Bolton, H. C. Fergason, G. C. Gifford and P. A. Murray, enters this their discontinuance and dismissal of this suit, all costs that have accrued having been paid by plaintiffs. Brooks & Cline, Attys. for plaintiffs."

We think the entry by plaintiffs' attorneys was as much the act

of plaintiffs as if they have made it in person. The presumption is that it was authorized by them.

The result of our conclusions is that the case was properly on the docket of the District Court of Wharton County, which court was the proper court to hear and determine the issues involved in the petition, and that the discontinuance, under the circumstances, ended the suit for all purposes; that the transfer of the cause to Galveston Court was improper, and when filed there it was in contemplation of law without legal existence, having been discontinued in Wharton County, and that the matter set up in reconvention was, under the circumstances, one which, in contemplation of law, was an original suit, which plaintiffs had the right to have tried and determined in the court of their residence. The judgment is therefore affirmed.

*Affirmed.*