LONG, Sheriff, et al. v. KNOTT et ux.
(No. 7975.)

(Court of Civil Appeals of Texas. Dallas. May 11, 1918. Rehearing Denied June 15, 1918.)

Injunction &#9750;111—Return of Writ—Venue—Statute.

Rev. St. 1911, art. 4653, providing that writs of injunction granted to stay proceedings in a suit or execution on a judgment shall be returnable to and tried in the court where the suit is pending, or such judgment is rendered, is especially applicable when the injunction proceedings restrain the sale of specific property described in an order of sale, the effect of which is to suspend the process and questions the validity of the process; but where the property of one who is not a party to the judgment has been levied upon, he may claim that his rights shall be tried in the court of his domicile, nor is the statute and the rule applicable to injunctions seeking to restrain the sale of a homestead on the ground of exemption, and in such case the court of the county where the party seeking injunctive relief resides has jurisdiction to try the issue of homestead and to proceed in judgment.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Suit by J. D. Knott and wife against Fred Long, Sheriff, of Hill County, Tex., and the Monnig Dry Goods Company, to enjoin the sale of land. Motion to dissolve injunction overruled, judgment for plaintiffs granting a perpetual injunction, and defendants appeal. Affirmed.

Chas. T. Murphy, of Ft. Worth, for appellants. R. M. Vaughan and J. D. Abney, both of Hillsboro, for appellees.

TALBOT, J. This suit was brought by the appellees, J. D. Knott and his wife, Carrie Knott, against the appellants, Fred Long, sheriff of Hill county, Tex., and Monnig Dry Goods Company, a private corporation, with its principal office and place of business in Ft. Worth, Tarrant county, Tex., to enjoin

the sale of 10 acres of land, which is described by metes and bounds, situated in said Hill county. The petition alleges and the evidence warrants the following conclusions of fact: Prior to the 20th day of October, 1914, and continuously up to the trial of this cause, the land involved constituted a part of appellees' homestead. On the date stated appellee J. D. Knott was indebted to C. W. Thompson, a resident of Hill county, Tex., in the sum of $711.36, and the said Thompson being unwilling to carry said indebtedness longer, without some kind of security, induced the appellees to execute and deliver to his wife, Mrs. S. A. Thompson, the following instrument:

"Abbott, Texas, 10–20–14.

"Due S. A. Thompson, or bearer, the sum of ($711.36) seven hundred eleven and 36/100 dollars for value received at 8% interest from date, said amount to be paid on or before Oct. 20th, 1915, and upon payment of said amount of money, the said S. A. Thompson is to deed back a certain ten-acre tract of land to J. D. Knott and wife, Carrie Knott, and this paper to be null and void, otherwise to remain in full force and effect.                    J. D. Knott.
                            "Carrie Knott."

To secure the indebtedness evidenced by the above instrument appellees were induced to and did agree with C. W. Thompson that they would give him a lien on 10 acres of land constituting a part of their homestead, and in pursuance of such agreement they executed and delivered to him an absolute deed in form conveying to him the said land, but with the distinct understanding that, although said deed was absolute in form, it was not to convey absolute title to Mrs. S. A. Thompson, but merely to create a lien upon said land to secure the payment of the instrument above set out. Notwithstanding said deed was executed only as a mortgage on the tract of land therein described, C. W. Thompson, joined by his wife, S. A. Thompson, on the 30th day of April, 1916, without the knowledge or consent of appellees, executed and delivered a deed of trust to L. W. Peck, as trustee, conveying to him as such trustee the land described in the instrument which appellees had given the said Mrs. S. A. Thompson to secure Edward T. Murphy in the payment of a note for $530.81, dated April 30, 1916, payable October 1, 1916. This deed of trust was recorded in Hill county, Tex. Before the execution of this deed of trust C. W. Thompson had become indebted to the appellant herein, Monnig Dry Goods Company, in the sum of $530.81. This debt against C. W. Thompson was by the Monnig Dry Goods Company placed in the hands of said Murphy, who was a practicing attorney, for collection or adjustment, and said Murphy, representing said company and acting for and in its behalf, procured the execution of said note of $530.81, and said deed of trust, and the only consideration for their execution was the settlement of said pre-existing indebtedness in favor of the Monnig Dry Goods Company. In this transaction

the acts of Edward T. Murphy were for the use and benefit of said dry goods company, and were in fact the acts of said company. The method pursued in the transaction was as follows: Murphy arranged with C. W. Thompson to deliver to him his (Murphy's) check for $530.81, payable to Monnig Dry Goods Company, and in consideration of said check Thompson executed his note for said sum of $530.81, payable to Murphy or order, and to secure the payment of said note executed the deed of trust mentioned to L. W. Peck as trustee. The check for $530.81 was sent by Thompson to Monnig Dry Goods Company, and the note and deed of trust were delivered by him to Murphy. Soon after this Murphy indorsed without recourse and delivered said note to Monnig Dry Goods Company in consideration of the cancellation and surrender to him of said check of $530.81, whereupon the pre-existing indebtedness in favor of said company against Thompson was canceled and the said note of $530.81 executed to Murphy was received and accepted in lieu thereof. Before the deed of trust was executed to L. W. Peck as trustee, C. W. Thompson informed Edward T. Murphy that the deed from Knott and wife to Mrs. S. A. Thompson for the 10 acres of land described in said deed of trust was executed only as a mortgage or deed of trust to secure Thompson in the payment of an indebtedness amounting to $711.36, and that Thompson did not have any other title to said land, and that on the payment of said indebtedness said property was to be released or reconveyed to appellees Knott and wife. The Monnig Dry Goods Company did not pay to Edward T. Murphy anything of value for his indorsement and delivery to it of the note executed by Thompson. The Monnig Dry Goods Company sued C. W. Thompson, as the only defendant, on said note of $530.81 and the deed of trust given to secure the same in the district court of Tarrant county, and on the 2d day of February, 1917, judgment was rendered in said cause in favor of said company as plaintiff and against the said Thompson for the amount than due thereon, which was $454.88, with interest and costs of suit, together with a foreclosure of the deed of trust on the 10 acres of land therein described and in controversy in this suit. On the 9th day of March, 1917, an order of sale was issued on said judgment directed to the sheriff or any constable of Hill county, Tex., commanding a levy upon and sale of said land, and to apply the proceeds arising from such sale to the payment and satisfaction of said judgment, interest, and costs. This order of sale was received by the appellant Fred Long, sheriff of Hill county, on the 12th day of March, 1917, and levied by him on said date upon the land in controversy. Neither of the appellees in the present suit were parties to the said suit of Monnig Dry Goods Company against C. W. Thompson in which the fore-

closure upon said land was obtained, or had notice of the filing of said suit or the proceedings had therein until after the levy of the order of sale upon their land.

Upon the presentation of the appellees' petition Hon. Horton B. Porter, judge of the Sixty-Sixth judicial district of Texas, on March 31, 1917, granted the writ of injunction as prayed for, returnable to the district court of Hill county, Tex., and on the .30th day of May, 1917, the appellant Monnig Dry Goods Company filed a motion to . dissolve said writ. The grounds of the motion are as, follows.

"(1) That this honorable court had no jurisdiction or venue to issue the writ of injunction aforesaid restraining the mandate of a sister district court for the reason that the statutes of the state of Texas, to wit, Revised Statutes, article 4653 (2996), of the state of Texas, provide: Writs of injunction granted to stay proceedings in a suit or execution on a judgment, shall be returnable to, and tried in the court where such suit is pending, or such judgment is rendered. * * *

"(2) That such requirements of such statute mentioned in paragraph 1 above are imperative, and that this court has no authority, jurisdiction or venue to have issued said writ of injunction as aforesaid."

When the case was called for trial in the district court the motion to dissolve was presented and overruled. The cause then proceeded to trial before the court without a jury and judgment rendered in favor of appellees perpetuating the injunction theretofore granted, and appellants perfected an appeal to this court.

There is but one assignment of error presented in the brief. This assignment complains of the action of the trial court in overruling appellants' motion to dissolve the injunction, asserting as the basis of their complaint the statute which provides that writs of injunction to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending or such judgment was rendered.

This statute has been repeatedly construed by the higher courts of this state, and we have experienced but little difficulty in determining what we regard as the correct disposition to be made of this appeal. It is true, the general rule laid down by the statute is that a writ of injunction to stay an execution on a judgment must be made returnable to the court of the county where the judgment was rendered; and this rule is especially applicable, it seems, when the injunction proceedings restrain the sale of specific property described in an order of sale, the effect of which is to suspend the process, and questions the validity and regularity of the process. Hendrick v. Cannon, 2 Tex. 259; Seligson & Co. v. Collins, 64 Tex. 314. But "where the property of a person, who is not a party to the judgment, has been levied upon, he may claim that his rights shall be tried in the court of his domicile." Winnie v. Grayson, 3 Tex. 429; Cooper Groc. Co. v. Peter, 35 Tex. Civ. App. 49, 80 S. W. 108; Kruegel v. Rawlins, 121 S. W. 216. Nor are the statute and the rule applicable to injunctions seeking to restrain on the ground of exemption the sale of one's homestead. In such a case the district court of the county where the party seeking injunctive relief resides has jurisdiction to try the issue of homestead or not, and is not without power to proceed to judgment in the case. Leachman v. Capps & Canty, 89 Tex. 690, 36 S. W. 250; Van Ratcliff v. Call, 72 Tex. 491, 10 S. W. 578; Seeligson v. Gifford, 46 Tex. Civ. App. 566, 103 S. W. 416. In the case at bar no attack was made on the validity of the judgment or order of sale enjoined, and the statute invoked by appellant did not apply, and the district court ,was not without power to proceed to judgment, because the appellees were strangers to the foreclosure judgment upon which the order of sale enjoined was issued, and because the land levied upon by virtue of said order of sale was claimed by appellees to be a part of their homestead, and, according to the undisputed evidence, was a part of their homestead. This disposes of the only question presented for decision, and as the district court correctly ruled upon that question, its judgment is in all things affirmed.

Affirmed.