## HUTCHISON et al v. ROBERT HAMILTON & SON et al. (No. 1254.)

(Court of Civil Appeals of Texas. El Paso. Oct. 27, 1921.)

1. Venue ⚖=79—Pleadings not lawfully filed in court to which case had been transferred before record has been filed therein.

Plaintiff's dismissal of case in court to which it had been transferred after record of case had been filed therein and before defendants had filed answer and cross-action subsequent to the filing of the record *held* proper, though defendants had filed answer and cross-action before the clerk had filed the record of the case; such answer and cross-action not having been lawfully filed.

2. Appeal and error ⚖=695(1)—Bill of exceptions, not purporting to be a full statement of facts, not considered as such.

Bill of exceptions approved as such by the court containing evidence of witnesses in narrative form, but not purporting to be a full statement of facts, cannot be considered as a statement of facts to show fact contrary to court's finding of fact.

3. Dismissal and nonsuit ⚖=43(2)—Court cannot reinstate cause after order of dismissal had been entered in vacation before filing of answer.

Order of dismissal having been entered in vacation, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1898, before an answer had been filed, the court had no authority to reinstate on motion therefor.

4. Appeal and error ⚖=694(1)—Trial court's finding conclusive on appeal, in absence of statement of facts.

Trial court's finding of fact is conclusive on appeal, in absence of statement of facts.

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Midland County; Chas. Gibbs, Judge.

Suit by Robert Hamilton & Son and others against W. A. Hutchison and others. From order dismissing case, defendants appeal. Affirmed.

Garrard, Russell & Fannin, of Midland, for appellants.

J. A. Stephens and D. J. Brookreson, both of Benjamin, for appellees.

HARPER, C. J. Statement of the case taken from transcript:

May 17, 1910, Robert Hamilton & Son and Burnett & Burnett, both copartnerships, and the King County Land & Cattle Company, a corporation, as plaintiffs, brought this suit in the district court of Knox county against W. A. Hutchison, Lige Davis, G. W. Crosby, the First National Bank of Benjamin, Tex., a corporation, and the North Texas Trust Company of Fort Worth, a corporation, for cancellation of certain notes, and for damages growing out of the contract for which the notes were executed. The defendant, W. A. Hutchison, filed in said court his plea of privilege to be sued in the district court of Midland county, Tex. This plea was overruled by the trial court, and an appeal was perfected, and upon hearing the Court of Appeals sustained the plea and ordered the case transferred to the district court of Midland county. Thereafter, on August 16, 1920, the district court of Knox county entered its order that the papers be transmitted to the district court of Midland county. September 4, 1920, the papers were filed by the clerk of Midland county. On the same day at 2:15 p. m. plaintiffs entered their dismissal of the case. This was in vacation. September 10, 1920, motion was filed to reinstate. September 25, 1920, at a day of the regular term, the court entered an order reinstating the cause. On the 8th day of February, 1921, a regular term, upon suggestion from amicus curiæ the court entered the following order:

"On this day came on to be heard the motion filed herein by J. S. Kendall, amicus curiæ, to the court, suggesting that the court had no jurisdiction over this case, whereupon, the court took evidence as to his jurisdiction. After hearing said evidence, the court is of the opinion that, at the time the above case was dismissed from the docket by J. S. Kendall, attorney for plaintiffs, on September 4, 1920, said case having been sent to this court on a plea of privilege from the district court of Knox county, Tex., none of the defendants had filed any answer or cross-action in said case after the papers had been received from the clerk of the district court of Knox county by the clerk of the district court of Midland county and filed and docketed in said county, and, said suit having been dismissed by plaintiffs before any answer was filed by defendants, the court is of the opinion that he has no jurisdiction over this case, and it is ordered that same be dismissed from the docket thereof, to which ruling of the court the defendants in open court then and there excepted, and gave notice of appeal to the Court of Civil Appeals of the Eighth Supreme Judicial District sitting at El Paso, Tex."

From which an appeal has been perfected by the defendants, and by four assignments urge that the court erred in entering said order of dismissal for the following reasons:

[1] 1. Because the bill of exceptions shows that the order of the Knox county court, transferring the cause, was made August 16, 1920; that this conferred jurisdiction upon the Midland county district court, and that thereafter, to wit, August 17, defendants filed an answer and cross-action in said last-named court, for that reason the answer was filed before the suit was dismissed. We cannot agree with this contention for the reason that the case was not before the Midland court until the record was filed by the clerk thereof September 4th, so no papers could lawfully be filed in the latter court until the case was pending therein by properly docketing same by the clerk. Seeligson v. Gifford, 46 Tex. Civ. App. 566, 103 S. W. 416.

[2] 2. It is urged that the answer was filed prior to dismissal, because when filed the costs had not been paid as required by statute, on September 4th, again they say as shown by bill of exceptions. There is no statement of facts in the record, unless we can consider the bill of exceptions approved by the court as such. This bill contains the evidence of certain witnesses in narrative form, concerning matters leading up to and the actual filing of the record in Midland county court and the time of filing the answer after the record was filed in said court, but it does not purport to be a full statement of facts, and it does not affirmatively show the facts about payment of costs, and it is only approved by the court as a correct bill of exceptions, so it cannot be considered as a statement of facts in this hearing, especially in view of the fact that, the order of the court finally dismissing this cause, the court incorporates the finding of fact that no answer had been filed when the order of dismissal in vacation was entered by plaintiff.

[3] The order of dismissal having been entered in vacation as provided by article 1898, Rev. Stat. V. S., before an answer had been filed, the court had no authority to reinstate upon the first motion recited above. Werner v. Kasten, 26 S. W. 322. So the second order, entered at the suggestion of amicus curiæ, holding that the court had no jurisdiction to reinstate, and again directing a dismissal of the suit, was a proper order.

[4] The other assignments are based upon the fact of answer having been filed prior to the act of dismissal, so, since without a statement of facts we cannot make a finding of fact contrary to that of the trial court,

and his finding being that the cause was dismissed before answer was filed, such finding is conclusive and demands that all assignments dependent upon this fact be, and the same are, overruled.

Affirmed.