HOLLAND et al. v. STARK. (No. 9508.) *

(Court of Civil Appeals of Texas. Dallas. Feb. 3, 1926. Rehearing Denied March 13, 1926.)

Judgment ⬚◀143(12)—Nonresident defendants held diligent in trying to ascertain when transcript would be filed in court to which venue was transferred, and hence entitled to have default judgment set aside on failure to plead.

Nonresident defendants, granted change of venue on plea of privilege filed before they were required to answer, held to have been diligent, through counsel, in trying to ascertain from district clerks of counties, from and to which case was transferred, when transcript would be filed in district court of latter county, and hence entitled to have default judgment set aside and new trial granted, as they could not file answer until record was filed in such court.

Appeal from District Court, Rockwall County; Joel R. Bond, Judge.

Action by J. Charles Stark against W. M. Holland and others. Judgment for plaintiff, and from an order overruling a motion for rehearing, defendants appeal. Reversed and remanded.

Eugene De Bogory, of Dallas, for appellants.

John White, of Dallas, for appellee.

JONES, C. J. The facts of this case are as follows:

Appellee Stark received personal injuries while attending a tent show in the town of Royse, Rockwall county, Tex., by the collapse of some elevated seats. The show was operated under the name of Holland-Lee Players, and appellee alleged in his second amended original petition that the show was owned by a partnership consisting of Harve Holland, Herbert Holland, Berin Holland, residing in Rockwall county, Tex., D. B. Holland, residing in Ellis county, Tex., and W. M. Holland, residing in Dallas county, Tex. The petition contained allegations of negligence causing the injury to appellee. The suit was filed in the district court of Dallas county, and it was alleged in the original petition that W. M. Holland was the sole owner. Later an amended petition was filed in said court in which the other appellants were made parties

under allegations that they were joint own- | lants except W. M. Holland, with a writ of
ers of said show. The other appellants were | inquiry; that on the same day the writ of
required to answer on September 1, 1924. W. | inquiry was perfected a judgment had been
M. Holland filed an answer consisting of a | entered against all of the appellants. It also
general demurrer and a general denial. On | developed that said clerk had intended to
August 14, 1924, the other appellants filed | comply with appellants' request to notify
their plea of privilege; D. B. Holland waiv- | their attorney. when the papers were filed,
ing his right to be sued in Ellis county in fa- | but had not done so, because he had lost the
vor of the other appellants. This plea of priv- | address of the attorney.
ilege merely contained the usual statutory | A motion for a new trial was prepared and
allegations for a valid plea of privilege. Ap- | filed, which alleged all these facts, and the
pellee filed his controverting plea on Septem- | additional fact that the attorneys for appel-
ber 15, 1924, alleging that there was alleged a | lee and for appellants resided in the city of
joint cause of action against all of the ap- | Dallas and practiced law in said city; that
pellants, and that, as W. M. Holland resided | there existed a custom among the attorneys
in Dallas county, Tex., venue of the suit was | of said city that, before a case was called
properly laid in that county. To this contro- | peremptorily for trial, the attorney demand-
verting plea, the nonresident appellants filed | ing the trial would notify the attorney on the
an amended plea of privilege controverting | other side that this custom was necessary be-
appellee's claim of a joint cause of action, | cause of the large number of courts in the
and alleging that this claim was fraudulent- | city of Dallas; that attorneys for appellants
ly made for the purpose of securing venue in | relied on this custom, and also relied on the
Dallas county. The issue thus made was | promise made by the district clerk's office of
tried in the district court of Dallas county | Dallas county, and upon the request made of
on September 27, 1924, with the result that the | the district clerk of Rockwall county as to
amended plea of privilege was sustained and | when the record would be filed in the district
the cause transferred to Rockwall county. At | court of Rockwall county, to file answers to
the time the venue was changed to Rockwall | the merits of the case in said court, and that
county, W. M. Holland was the only appel- | said attorneys were not guilty of negligence
lant who had filed an answer to the merits of | because of the fact that answers were not
the suit. | promptly filed in said cause. In addition to

Appellants' counsel requested the district | said allegations, the motion for rehearing al-
clerk's office of Dallas county to notify him at | leges a valid defense to the suit by all of the
once when appellee gave an order for the | appellants, except Harve Holland, who is al-
transcript of the case preparatory to sending | leged to have been the sole owner and pro-
it to Rockwall county, and he promised to do | prietor of said show. It is also alleged that
so. Said counsel, on the 2d day of October, | the fact of ownership was fully established
wrote the clerk of the district court of Rock- | on the hearing of the plea of privilege, and
wall county, giving the style of the case, and | that the establishment of this fact was the
stating that the venue had been changed to | cause of the change of venue.
his county, and requesting that he at once | The second amended petition was filed in
notify him as soon as the transcript of the | the case on the day the judgment was taken.
record should be received. About this time | A jury was called to assess the damages, and
said attorney also asked the district clerk of | the only issue submitted to the jury in re-
Dallas county if the papers had been sent, | spect to all of appellants was the amount of
and received the information that they had | damages to be assessed. The court over-
not been, and would not be sent until the | ruled the motion for rehearing, and appel-
costs were paid. | lants have duly perfected their appeal. No

The clerk of the district court of Dallas | brief has been filed in the cause by appellee.
county, later, and at the request of appellee, | We are of the opinion that the court erred
made up the transcript of record, and sent it | under the showing made in refusing to grant
to the district clerk of Rockwall county, | the motion for a new trial. At the time the
where it was received and filed on October 13, | pleas of privilege were filed, none of the ap-
1924, the first day of the term of the district | pellants who had been made parties by the
court of Rockwall county. On the 27th of | first amended petition were required to an-
October, 1924, appellants' attorney again in- | swer, and they were not guilty of any negli-
quired of the district clerk of Dallas county | gence in failing to file an answer subject to
whether the record of the case had been sent | the plea of privilege. After the pleas of
to Rockwall county, and was informed that | privilege were sustained, and the venue of the
it had been sent some days previous. Said | case was changed, appellants could not le-
attorney immediately called by telephone the | gally file an answer until the record was filed
district clerk of Rockwall county, and ascer- | in the district court of Rockwall county.
tained from him that the record had been re- | Hutchinson et al. v. Robt. Hamilton & Son
ceived and filed in the district court on Sep- | et al. (Tex. Civ. App.) 234 S. W. 417. Appel-
tember 13, 1924, and that judgment by de- | lants, through their attorney, were diligent in
fault had been taken against all of the appel- | trying to ascertain when the record would

be filed in said county. It was the duty of appellee to order the transcript of the record and to secure its filing in said county, and it was in no way the duty of appellants to have this done. We are, therefore, of the opinion that appellants were entitled to have the judgment by default set aside.in order that they could have a hearing on the merits of their defense, for which reason the case is reversed and remanded.

Reversed and remanded.