**FEDERAL UNDERWRITERS EXCHANGE**
**v. READ.**

No. 3698.

Court of Civil Appeals of Texas. Beaumont.
June 24, 1940.

Rehearing Denied July 3, 1940.

Pitts & Liles, of Conroe, and Battaile & Burr, of Houston, for appellant.

W. C. McClain and A. A. Turner, both of Conroe, and Glenn Faver, of Jasper, for appellee.

O'QUINN, Justice.

This is a workmen's compensation case. J. S. Hunt Lumber Company, Inc., was the employer, Richard Read, appellee, the employee, and Federal Underwriters Exchange the compensation insurance carrier. On March 21, 1939, while engaged in the course of his employment as an employee of J. S. Hunt Lumber Company, Inc., Richard Read received an injury for which he claimed compensation for total and permanent disability, or in the alternative for such compensation as he might show himself entitled to receive. His claim was duly filed with the Industrial Accident Board on May 2, 1939, and said Board made its award on June 12, 1939, awarding compensation to appellee. Not being satisfied with the award, appellee duly gave notice that he would not abide the award, and filed this suit to set aside said ruling.

Citation was duly issued to Federal Underwriters Exchange and service of same properly had. It appears that on July 6, 1939, this suit was in vacation dismissed on the motion of the plaintiff's attorney and the costs paid by him. On August 21, 1939, he filed motion to reinstate the dismissed cause on the docket for trial.

On August 16, 1939, appellee filed suit in the district court of Montgomery County to mature the award rendered by the award of the Industrial Accident Board. Service of citation in this suit was had, and the suit remained on the docket of the court until some time during the hearing on the plea to the jurisdiction of the court filed by appellant, when the suit to mature the award was dismissed by appellee.

Appellant filed its plea to the jurisdiction against the motion to reinstate asserting that the court was without jurisdiction to restore the case to the active docket of the court for in that as the cause had been voluntarily dismissed and the costs paid by plaintiff the cause had ceased to exist, and so there was, as a matter of law, nothing to be restored to the docket. The motion was heard on September 6, 1939, and judgment entered granting the motion to reinstate the cause on the docket and said cause was placed on the regular docket for trial on the facts.

On September 11, 1939, it not having theretofore answered, appellant filed its original answer consisting of a plea to the court's jurisdiction to hear and determine the cause, said plea reciting the above facts of appellee's filing his appeal from the award of the Industrial Accident Board, his dismissal of said cause and full payment of costs of suit, and the filing of the independent suit to mature the award, wherefore said cause ceased to exist, and asked that same be dismissed, and without waiving its said plea then answered by general demurrer, general denial, and by special answer reciting all the facts from the filing of the claim with the Industrial Accident Board to the order restoring the dismissed cause to the docket for trial on the facts, by reason of all of which the court was without jurisdiction, and further that if the order to reinstate the cause was proper and of any force, then such order had the effect of filing a new suit which was not commenced until the filing of the motion to reinstate on August 21, 1939; that at said date the award of the Industrial Accident Board had ceased to exist, and appellee had abandoned his appeal from the Board's award, wherefore the cause could not proceed to trial under the same style and number as that of the abandoned or dismissed cause, and hence the court did not have jurisdiction to determine the matter. On October 25, 1939, the court heard this new plea to the jurisdiction and overruled same. The general demurrer was at said time also overruled.

The case was tried to a jury upon special issues, and upon their answers judgment was rendered in favor of appellee for compensation at the rate of $7 per week for 401 weeks beginning on March 21, 1939, to be paid in a lump sum amounting to $2,-259.74. Motion for a new trial was overruled, and we have the case on appeal.

Appellant's first four assignments, in effect, assert that when appellee in vacation, and before appellant had answered, dis-

missed his case and paid all court costs to that date, his cause of action as represented by his appeal from the award of the Industrial Accident Board then and there ceased to exist, and in the absence of a showing of fraud, accident or mistake in the dismissal of the case, the court could not restore the cause to the docket of the court for trial, and so was without jurisdiction to adjudicate the matter, no fraud, accident or mistake having been shown.

In his motion for reinstatement, as grounds for reinstatement, appellee alleged:

"That as soon as this plaintiff's attorney received notice from the Industrial Accident Board that his notice of appeal not to abide by the award made in said cause was filed July 3, 1939, his attorney, A. A. Turner, requested and or caused said suit then pending in the Special Ninth District Court of Montgomery County, Texas to be dismissed because the court did not have jurisdiction thereof, that is, if the notice of appeal was actually received and filed by the said Board on July 3, 1939.

"Plaintiff would show the Court that in computing the twenty days for the filing with the Board notices of unwillingness to abide by the final ruling and decision of the Board, made the last day fall on Sunday, July 2nd, 1939. That at the time plaintiff was advised by the Industrial Accident Board that said notice of intention to appeal from the award of the Board had been received and filed on July 3, 1939, plaintiff's attorney overlooked Sec. 5B of Art. 8307 of the Revised Civil Statutes [Vernon's Ann.Civ.St.] which was an amendment of Sec. 2 of the Workmen's Compensation Law effective from and after January 1st, 1938.

"2. Plaintiff would further show the Court that on July 5th, 1939, after the plaintiff was advised by the Industrial Accident Board that the notice of intention to appeal from the Industrial Accident Board had arrived on July 3rd, 1939, and believing said notice of intention to appeal from the award of the Board had been received and filed too late, this plaintiff, through his attorney, on July 5th, 1939, advised the said Underwriters Exchange, of Galveston Texas, that he was going to dismiss or had dismissed said suit, advising them that the plaintiff's notice of intention to appeal had arrived in Austin, Texas, after the expiration of the statutory period of twenty days, and this being true, the District Court had no jurisdiction of the matter. Plaintiff would show the Court that he was unfamiliar with the amendment of the compensation law as above mentioned and upon receiving the letter from the Industrial Accident Board advising him that said notice of intention to appeal from the award of the Board had been received and filed on July 3rd, 1939, plaintiff's attorney A. A. Turner, acted upon the assumption that the notice had been filed one day later, all of which induced him to dismiss his cause of action. That believing said notice of intention to appeal had been received and filed by the Industrial Accident Board more than twenty days after the award was made in vacation, moved that the case be dismissed. That on July 6th, A.D. 1939 a notation was made on the docket dismissing said cause.

"3. Plaintiff would further show the Court that he labored under the impression that said notice had been filed more than twenty days after the award, until August 18th, 1939, when advised by the Industrial Accident Board, that his notice of appeal had been received and filed before the expiration of the twenty-days period, and that by filing said notice on July 3rd, 1939, brought same within the statutory period.

"4. Plaintiff's attorney would show the Court that he had not had an occasion to appeal from the award of the Industrial Accident Board since the enactment of the amendment above referred to, and that he, in good faith, believed that said notice had not been filed within the statutory period, and for this reason he caused to be dismissed claimant's cause of action. That said dismissal was purely through mistake and or accident but for which said cause would still be pending.

"5. Plaintiff would show the Court that he has a meritorious cause of action and has been prevented from prosecuting the suit due to a mistaken idea, as aforesaid. That the dismissal of said suit and the prosecution of same has not been due to any willful negligence of the plaintiff or his attorney. That plaintiff has not had an opportunity to present his motion for reinstatement at an earlier date in that he labored under an erroneous impression until August 18th, 1939.

"Plaintiff would further show the Court that an award was made by the Industrial Accident Board at Austin, Texas, in favor of plaintiff for the sum of One Thousand Six Hundred Ninety Dollars ($1,690.00).

That the allegations set out in plaintiff's petition can be supported by competent testimony upon the trial of this cause.

"6. Plaintiff represents unto the Court that if the suit is not reinstated that he will suffer a great loss and undergo hardships from his inability to have a redress for his injuries heretofore received; that in all fairness to himself that he should have his day in court and that said cause should be reinstated."

The court overruled the plea to the jurisdiction. The evidence supports the grounds alleged. But it is insisted by appellant that the mistake alleged in dismissing the case was one of law and therefore could not be the basis for reinstatement. If it be admitted that the mistake was one of law, yet, nevertheless, we think the cause should have been restored to the docket, because the undisputed record is that the case was dismissed by counsel for appellee without consulting appellee, or in any manner informing him of the intention to dismiss, but that the dismissal was wholly without appellee's knowledge or consent, and certainly was to his detriment.

Article 2089, R.C.S., reads: "The plaintiff may enter a discontinuance on the docket in vacation, in any suit wherein the defendant has not answered, on the payment of all costs that have accrued thereon."

The early statute on the subject of discontinuance read: "The plaintiff or his attorney, etc.," and then followed verbatim the statute as it now reads. Pasch.Dig. Laws, Art. 1440. The only change in the statute in its reenactment was to omit the words "or his attorney." It is apparent that by this omission it was intended to limit the power of the attorney to discontinuances when authorized by his client. In Seeligson v. Gifford, 46 Tex.Civ.App. 566, 103 S.W. 416, 417, a suit in which a dismissal on the part of plaintiffs was entered by their attorneys, it was said: "We think the entry by plaintiffs' attorneys was as much the act of plaintiffs as if they had made it in person. The presumption is that it was authorized by them." The authority of the attorney to dismiss the suit resting in the presumption that it was authorized, the presumption was subject to rebuttal, and in the instant case it was shown without dispute that the attorney acted without consulting his client—that appellee knew nothing of the dismissal. While an attorney has implied authority to act in the conduct and management of the case in his charge, and his acts ordinarily will be binding upon his client, these acts are limited to matters of procedure, and he is not permitted to do any act or make any stipulation which operates as a surrender of the substantial rights of his client unless specially authorized by his client, and any such act will not be upheld by the courts. 25 R.C.L. 1098.

"In the absence of statute, an attorney can enter a dismissal, discontinuance, or retraxit, *which terminates the case on its merits, only where he has been expressly authorized to do so;* but it is generally held that an attorney has implied authority to enter or take a dismissal, discontinuance, or nonsuit, *which does not bar the bringing of another suit on the same cause of action.*" (Italics ours). 7 C.J.S., Attorney and Client, § 87, Dismissal, pp. 908, 909.

Further quoting from said authority: "Unless such power has been conferred by statute an attorney employed for purposes of litigation can dismiss or discontinue the case on its merits *only where his client has specially authorized him to do so * * *.* Also, it has been stated generally that the general employment of an attorney to prosecute an action *gives him no authority to dismiss it without his client's consent,* or at least, over his objection; but usually it is held that an employment for purposes of the litigation gives the attorney of record the implied authority to enter or take a dismissal, discontinuance, or nonsuit, *which does not prejudice the client's substantial rights nor bar the bringing of another suit on the same cause of action.*" (Italics ours.)

Under the provisions of the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., the dismissal of appellee's appeal from the award of the Industrial Accident Board would have barred appellee's right to bring another suit on the same cause of action, and deprived him of the relief sought in his appeal. A new suit on appeal could not have been sustained because the twenty day limit in which to file the suit after giving notice that he would not abide the award had long since expired.

The assignments are overruled.

Appellant's 5th assignment complains that the pleadings and the evidence raised the defensive issue that the total incapacity of appellee was temporary, and appellant

having duly excepted to the court's charge because it did not affirmatively submit such issue, it was error for the court to refuse to submit its special requested issue reading: "Do you find from a preponderance of the evidence that the total incapacity of the plaintiff is temporary? Answer yes or no."

In answer to special issue No. 6 the jury found that the injury sustained by appellee resulted in total incapacity; to special issue No. 7 that the total incapacity was permanent; to special issue No. 7–A that the total incapacity began on March 21, 1939, the date of the injury.

The pleadings and the evidence raised the issue of temporary total incapacity.

Special issue No. 9 submitted reads: "For what period of time, if any, of such total incapacity, if any, do you find from a preponderance of the evidence was sustained by Richard Read, from and after the beginning date, if any? Answer 'permanent' or answer by stating the number of weeks, if any, or answer 'None.' " The jury answered "Permanent."

Appellee insists that this issue was intended to and did submit to the jury the issue of "temporary total incapacity," and that the jury correctly answered same "permanent," they having already found that the incapacity was total and permanent, and so was a finding against temporary total incapacity.

It is insisted by appellant that the issue was meaningless and did not submit any fact for an affirmative finding by the jury. We think this contention must be sustained. After careful consideration of the question, as submitted, we fail to conceive just what fact was intended to be submitted—in fact that any certain matter was submitted. The special issue requested by appellant was clear and explicit, and correctly submitted the issue of temporary total incapacity, and it was error to refuse same.

Other assignments relative to portions of the charge will not be discussed as the matters complained need not arise upon another trial.

For the error discussed, the judgment is reversed and the cause remanded for another trial.

Reversed and remanded.

WALKER, Chief Justice.

The opinion written by Mr. Associate Justice O'QUINN is adopted as the opinion of the court, except his conclusion that the court erred in refusing to submit appellee's requested issue: "Do you find from a preponderance of the evidence that the total incapacity of the plaintiff is temporary? Answer yes or no." The court submitted every element of total, permanent incapacity, and these issues were found in appellee's favor—all as reflected by Judge O'QUINN's opinion.

In answering the issues on total, permanent incapacity, the jury necessarily was compelled to weigh all the evidence offered by appellee that his incapacity was permanent and also the evidence offered by appellant that it was only temporary. So, the jury necessarily found in answering the issues on total, permanent incapacity that appellee's incapacity was not temporary, that is, the jury necessarily found that appellee had not recovered and would not recover from his total incapacity. Appellant's requested issue on "temporary" incapacity was simply a negative submission of the issue of "permanent incapacity."

Appellant's requested issue concedes that appellee had suffered a total incapacity; on that issue the point between appellant and appellee was whether or not appellee's incapacity was only temporary. On that very point, in Texas Employer's Ins. Ass'n v. White, 32 S.W.2d 955, 958, writ refused, this court said: "Seventh. The court did not err in refusing to submit, as an affirmative defense, appellant's requested issue as to whether or not appellee had recovered from his injury. Of course, all issues of fact raised by the evidence under proper pleadings should go to the jury. Galveston, H. & S. A. Railway Co. v. Washington, 94 Tex. 510, 63 S.W. 534. But, as said in Hoover v. Hamilton (Tex.Civ.App.) 14 S. W.2d 935, 939, it is not the duty of the trial court 'to submit the same special issue of fact to a jury both affirmatively and negatively.' We do not understand that the Washington case, the leading authority in this state on this point of practice, has ever been given the construction contended for by appellant. That case goes no further than to sustain the proposition announced above. The issues of fact within the rule announced in the Washington case are only such issues as constitute the cause of action asserted by plaintiff or the defenses asserted by defendant. Thus, where an issue is raised by the plaintiff sustaining his cause of action, and the defendant, by evidence extraneous to the plaintiff's issue, raises an independent issue, constituting a

defense thereto, both should be submitted to the jury; for, as said in the Washington case, unless such defensive testimony is called to the attention of the jury by a proper charge, it may be overlooked. Now in this case all the testimony as to the nature of appellee's injury was before the jury and had to be considered by it in answering question No. 2. Whether or not plaintiff had recovered from his injury was not an independent issue, but was fully embraced in the question submitted."

Our holding in the White case is not in conflict with our holding in Indemnity Insurance Co. v. Boland, 31 S.W.2d 518; the Boland case was decided on authority of the Washington case, supra, cited by us in the White case.

It is our conclusion that the lower court did not err in refusing to submit appellant's requested issue.. It is also our conclusion that the assignments not discussed by Judge O'QUINN do not constitute error.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.