Robert Walker v. H. P. Howard et al.

No. 1275.

1. **Conflict of Jurisdiction—District Clerk's Custody of Papers — Mandamus.**—The County Court has no power to require by mandamus the clerk of the District Court to deliver to the clerk of the former court papers in a case over which such District Court is claiming and exercising jurisdiction.

2. **Comity of Courts—Practice.**—Where a court of general jurisdiction, legally competent to determine its own jurisdiction, has acquired prior jurisdiction over person or subject matter, no other court will interfere or seek to arrest its action while the case is still pending. The appropriate remedy is by plea to the jurisdiction, or motion to dismiss for want of jurisdiction, and an appeal from the court exercising jurisdiction.

APPEAL from the County Court of Fannin. Tried below before Hon. James Chenoweth.

*Chas. Fred Tucker*, for appellant, cited Rev. Stats., art. 1112; 29 Texas, 520, and cases there cited; 5 Texas, 439; The State v. Vanarsdale, 42 N. J. L., 536; 14 Am. and Eng. Encyc. of Law, 97–100; Spelling's Extr. Relief, sec. 1448; Const., art. 5, sec. 16, as amended in 1891; Rev. Stats., art. 1139; Laws 23rd Leg., p. 75; Bank v. Fitzpatrick, 88 Texas, 213.

*R. B. Semple* and *Taylor, Galloway & McGrady*, for appellees.

LIGHTFOOT, Chief Justice.—The following statement of the case by appellant is correct:

This is a suit by appellees as administrators of the estate of Thomas C. Bean, deceased, against appellant as clerk of the District Court of Grayson County, wherein plaintiffs sued for a mandamus against defendant, requiring him to deliver to J. F. Sadler, clerk of the County Court of Fannin County, the record papers of the administration of the estate of said Thomas C. Bean, deceased, and of the partition proceedings of Sarah A. Dove et al. v. Howard et al., administrators, for the partition of said estate among the alleged heirs of said Thomas C. Bean, deceased. It was alleged in plaintiffs' petition, that the administration of said estate was opened in said County Court at its November Term, 1887, and that in 1891, while said administration was pending in said court, Sarah A. Dove and others, claiming to be heirs of said Thomas C. Bean, made application in said estate, making plaintiffs, as administrators of said estate, and other alleged heirs of said Bean, defendants, asking for a partition and distribution of the property belonging to the said estate; that said application was pending in said County Court on January 30, 1892, when the then county judge of said county caused to be entered of record an order transferring said application, which was styled on the docket of said court, "Sarah A. Dove et al. v. H. P. Howard et al.," to the District Court of Fannin

County, on account of the disqualification of said judge, the disqualification mentioned in said order being the fact that said county judge had been of counsel for some of the parties claiming an interest in said estate.

Plaintiffs alleged, that in obedience to said order the papers in said partition suit, together with the administration papers, were illegally transferred to the District Court of Fannin County. Plaintiffs alleged, that pending said partition proceedings, a number of other claimants filed pleas of intervention, alleging their heirship to said estate; that at a special term of said District Court held in October, 1892, on application of Mark Bean et al., intervenors, said proceedings of Sarah A. Dove et al. v. H. P. Howard et al. were transferred to the District Court of Grayson County by change of venue under the statute, and that in accordance with said order the papers of said partition proceeding, together with all of the court papers belonging to said estate, were delivered to the defendant, Robert Walker, who was clerk of the District Court of Grayson County.

Plaintiffs alleged, that the County Court of Fannin County had jurisdiction of the estate of said Thomas C. Bean, and also the partition proceedings aforesaid; and that it has never lost jurisdiction by reason of appeal or by any other legal means, but that the partition proceedings were taken to the District Court contrary to law, and with them were transferred, without any order and without legal sanction whatever, to said District Court, the estate papers.

Plaintiffs alleged, that they resisted in the District Court of Fannin County the said application for change of venue, and at the same term of court made an application to rescind said order and to remand the proceedings back to the County Court. Plaintiffs alleged, that on December 5, 1892, while said proceedings were pending in the District Court of Grayson County, on said change of venue, they filed another motion to transfer said proceedings to the County Court of Fannin County, and that all of said motions were overruled.

Plaintiffs alleged, that they had made demands on defendant that he deliver to the clerk of the County Court of Fannin County all of the papers in his possession belonging to the estate of Thomas C. Bean, deceased; also all the papers in his possession in said case of Sarah A. Dove et al. v. H. P. Howard et al., and that defendant refused to deliver said papers as so required.

Plaintiffs prayed the court to grant them a writ of mandamus on defendant Robert Walker, clerk of the District Court of Grayson County, commanding him to deliver all of the papers in his possession belonging to the estate of T. C. Bean, deceased, and to the partition proceedings in the case of Sarah A. Dove et al. v. H. P. Howard et al., that were on file in the said County Court of Fannin County before said removal, to J. F. Sadler, clerk of the County Court of Fannin County.

The defendant excepted to said petition, on the grounds:

1. The court is without power or jurisdiction to grant the writ of mandamus against the defendant prayed for in said petition.

2. It appears from said petition that the papers mentioned therein, which plaintiffs seek by said petition to compel defendant by a writ of mandamus to deliver over to the clerk of this court, are record papers of a judicial proceeding in the District Court of Grayson County, and that the same are now in custody of the defendant, as the clerk of said District Court of Grayson County; and, under the law, it is the duty of this defendant to keep the same in his custody, subject only to the orders of said District Court of Grayson County, and a compliance with the demand made upon him for said papers by plaintiffs, or with the mandamus of this court prayed for, would be in contempt of said District Court of Grayson County, and subject him to punishment for such contempt.

3. Because it appears from said petition that plaintiffs have or had a plain, clear, and adequate remedy at law in the premises by appeal from said orders of removal or change of venue, and the said order of the District Court of Grayson County overruling the motion to transfer said records and proceedings to this court, etc.

And defendant, under oath, answered said petition, and the rule to show cause why the mandamus prayed for should not be granted, in which he admitted possession of said papers, and his refusal to deliver them on demand, as alleged by plaintiffs, but averring, that said papers are upon file in and belong to the records of the District Court of Grayson County, and are in his custody as clerk of said District Court; that said papers are part of the records in the matter of the administration of the estate of T. C. Bean, deceased, and of the partition proceedings in said estate, which said administration and partition proceedings are now pending in said District Court of Grayson County, and that he has no power over or in respect to said papers, save under the orders of said District Court of Grayson County. That said administration and partition proceedings were transferred from the District Court of Fannin County to the District Court of Grayson County by an order of said District Court of Fannin County, made on November 1, 1892, the said administration and partition proceedings being then pending in said District Court of Fannin County, and that the file papers of said administration and partition, pursuant to said order, were filed in the District Court of Grayson County on or about the ——— day of December, 1892.

Defendant further alleged, that since said transfer the said administrators have been proceeding with the administration of said estate in the District Court of Grayson County, and under the orders and directions of said court and of the judge thereof. That said administrator, H. P. Howard, has from time to time made applications for orders to sell lands belonging to said estate, and, pursuant to the orders of said court made upon such applications, has sold divers tracts of land for large sums of money, and has reported such sales to said court, and prayed for and obtained from said court orders confirming said sales; and that, generally, said administrators have been and are still admin-

istering said estate under, and submitting themselves to the orders and directions of said District Court.

The appellant's exceptions were overruled. The facts are not controverted, as shown by the agreed statement of the parties, to wit:

"Thomas C. Bean died in Fannin County, Texas, July 24, 1887. Before the November Term, 1887, of the County Court of Fannin County, H. P. Howard applied to said County Court for letters of administration of the estate of said Thomas C. Bean, and at the November Term, 1887, of said court, said Howard was appointed administrator of said estate. The said application was contested, and an appeal was taken from said order of appointment to the District Court of Fannin County. On September 1, 1890, an order was made in said District Court in said appealed cause, appointing H. P. Howard and J. L. Hume administrators of said estate, and fixing their bond at the sum of $500,000, and directing said order to be certified to the County Court of Fannin County, and a transcript of said order was duly filed in said County Court within twenty days from the date of said order, and within the time required by law said Howard and Hume duly qualified, and letters of administration were duly issued to them by said County Court, and they administered said estate in said County Court until the 30th day of January, 1892.

"On November 9, 1891, Sarah A. Dove and others, claiming to be the heirs at law of said Thomas C. Bean, deceased, filed in the County Court of Fannin County, where said administration was then pending, their petition against the said administrators, praying for a partition of said estate. On January 30, 1892, W. A. Bramlette, then the county judge of Fannin County, made and caused to be entered on the minutes of said County Court the following order:

"'SARAH A. DOVE ET AL.
"'v.                              "'SATURDAY, January 30, 1892.
"'H. P. HOWARD ET AL.

"'The county judge being disqualified in this cause, it is ordered that the same be transferred to the District Court of Fannin County.'

"Thereupon the clerk of said County Court transferred to the District Court of Fannin County all of the papers pertaining to partition proceedings. At the same time, all the record papers pertaining to the administration of said estate were also filed in said District Court of Fannin County, but by whom the same were transmitted or delivered to said District Court does not appear.

"And from the said 30th day of January, 1892, up to the time of the transfer thereof, as hereinafter set out, to the District Court of Grayson County, all of said papers pertaining to said partition proceedings and to the said administrations were on the files of said District Court of Fannin County, and said court assumed and exercised jurisdiction during said time over the said administration and said partition proceedings:

"At a special term of said District Court of Fannin County, on the 1st day of November, 1892, upon the application of Mark Bean and others, intervenors in said partition proceedings, an order was made by said District Court, as follows:

"'SARAH A. DOVE ET AL.
"'v.    No. 3702    "'TUESDAY, November 1, 1892.
"'H. P. HOWARD ET AL., Admr's.

"'Now on this day came on to be heard the application of Mark Bean, Julia A. Johnson, Reuben Johnson, Ruth D. Walkeen, Francis Walkeen, L. Manier, Frank Manier, Charles Bean, Walker Bean, Jr., and Fred Caston, to change the venue of this case, alleging that there exists in this county, where said cause is now pending, so great a prejudice against said applicants, each of whom are proper and necessary parties to said suit, that they can not obtain a fair and impartial trial, which said application was duly sworn to and supported by the affidavits of said Ruth D. Walkeen, and C. C. Jones, H. H. Helbing, and W. J. Shepard, in strict conformity with law; and thereupon came to be heard the exceptions of defendants H. P. Howard and J. L. Hume, administrators of T. C. Bean, and the exceptions of applicants Sarah A. Dove and the coapplicants, to the sufficiency of said application, and the same having been heard and duly considered by the court, are in all things overruled, and the said Sarah A. Dove and her coapplicants except; and thereupon the court proceeded to investigate said application for change of venue, and no party in the suit having filed any affidavit or offered any proof that such persons making such affidavit for the change of venue are not credible persons, and there being no legal contest or objection thereto, the court proceeded to hear said motion and the argument of counsel thereon, and after due consideration, it is the opinion of the court, that the facts stated in said application are true, and it is ordered and adjudged by the court that the venue of the above styled cause be and the same is hereby changed to the county of Grayson, Texas, and that the clerk of this court immediately transmit to the clerk of the District Court in and for said county of Grayson all of the original papers in this cause, and a transcript of all the orders and proceedings made and had herein, to which judgment and order of the court the said defendants Howard and Hume, administrators, by their attorneys, and the intervenors, and Moffat and her cointervenors, by their attorneys, and the defendants, Jacob Brennerman and his codefendants, by their attorneys, and Thomas P. Steger and T. A. Barron, attorneys for the unknown heirs of Thomas C. Bean, deceased, and Sarah A. Dove and her coapplicants, by their attorneys, each and all here now in open court except; it is further ordered, by an agreement made in open court by all parties to this suit, that any and all process desired, depositions of witnesses, and in short, and legal process or action in the matter of the administration of the estate of Thomas C. Bean, deceased, may be

taken or issued by and returned to the clerk of this court by the clerk of the District Court of Grayson County until the 5th day of December, 1892. It is further ordered by the court, under such agreement, that the clerk of this court shall transmit and deliver to the clerk of the District Court of Grayson County, Texas, all papers now on file, or which may hereafter be filed in this court in the matter of the administration of the estate of Thomas C. Bean, deceased, by the 5th day of December, 1892. It is further ordered by the court, that the clerk of this court transmit and deliver to said clerk of the District Court of Grayson County, Texas, along with said papers, any money which has been deposited with him in lieu of cost bonds by any party to this suit, except it is ordered, that the clerk of this court may apply so much thereof as may be necessary towards fully paying off and satisfying all costs which may have accrued herein, and the excess only shall be forwarded to the clerk of the District Court of Grayson County.'

"Said administrators thereafter moved said District Court of Fannin County to rescind and set aside its said order, and to transfer said record and proceedings to the County Court of Fannin County, which was refused by the court. Thereupon all the records of said administration proceedings and of said partition proceedings were transferred to the District Court of Grayson County, and filed in the office of the clerk of said court, defendant herein, on or about the 1st of December, 1892, where they are still pending. That under the said order, the clerk of the District Court of Fannin County transferred all of the papers belonging to the estate of Thomas C. Bean, deceased, having the file mark of the County Court, and having been filed in the County Court, in the due administration of said estate, from September, 1890, to January 30, 1892, including the application for letters of administration, inventories, appraisements of property, administrators' bonds, all claims filed and allowed by the County Court and then on file, annual accounts and exhibits, applications for sale of land, orders for sale and confirmation, administrators' application for allowance, together with the partition proceedings of Sarah A. Dove et al. v. H. P. Howard et al., showing that said partition proceedings were filed in the County Court of Fannin County prior to January 30, 1892, and all other papers filed in the District Court of Fannin County, all of which papers are now in the possession of Robert Walker, defendant herein, by virtue of his office as clerk of said District Court of Grayson County.

"After the said transfer of said records, the said administrators, Howard and Hume, moved the District Court of Grayson County for an order transferring the said records and proceedings to the County Court of Fannin County, which motion was overruled by the court. During the pendency of said administration and partition proceedings in the District Court of Grayson County, the said Howard and Hume, administrators of said estate, have in all things submitted themselves

to the orders and directions of the said court, applying to said court for orders to sell land of said estate, selling such lands under the orders of said court thus obtained, reporting said sales to said court, and applying for and obtaining from said court orders confirming said sales, making to said court their annual reports and exhibits, applying to said court for allowances for extra compensation, and receiving the same under the orders of said court, paying claims against said estate under orders of said court.  Under the orders of said court the said administrator, Howard, has sold several hundred acres of land belonging to said estate, realizing from such sales several thousands of dollars, The said administration has been proceeding in said court from about the 1st of December, 1892, until this term.  And said court has assumed and exercised, and is now exercising, jurisdiction over the said partition proceedings.  The exhibits attached to plaintiffs' petition and defendant's answer are admitted as true.''

*Opinion.*—It will not be necessary to notice in detail the different assignments of error presented, as it is only necessary for us to inquire whether the County Court of Fannin County has the power to require, by mandamus, the clerk of the District Court of Grayson County to deliver to the clerk of the former court all the papers in a case over which such District Court is claiming and exercising jurisdiction.

The duties of clerks of the District Courts are clearly defined by law, and he is not only made the custodian of the court, for all of its books, papers and records, but is required to enter into bond for their safe keeping.  Rev. Stats., arts. 1100a–1106.

Where a court of competent jurisdiction has taken cognizance of a cause, and the papers and records of such cause are in the hands of the clerk of such court, his custody is the custody of the court, and its jurisdiction can not be properly attacked by a suit in another court of equal or less jurisdiction brought against the clerk to recover the possession of the papers.

In this case it is undisputed, that on January 30, 1892, the case of Sarah A. Dove et al. v. H. P. Howard et al., administrators, for the partition of the Bean estate, was pending in the County Court of Fannin County, and was, by an order of that court, transferred to the District Court of Fannin County, and that the clerk of the former court thereupon transferred to the District Court all of the papers in such cause and of such estate.  That the District Court of Fannin County exercised jurisdiction of such cause and of such estate until they were transferred to the District Court of Grayson County, November 1, 1892, by change of venue; and that ever since then the District Court of Grayson County has exercised jurisdiction of said cause and over said estate, and that appellees, as administrators, have recognized such jurisdiction by submitting themselves to the direction of such court, applying for orders of sales of land, reporting such sales, making titles under its directions and decrees, making annual reports, and doing

all other acts under its direction necessary or proper in the administration of an estate. The partition proceeding is still pending and undecided. In such a case, can the jurisdiction of the District Court of Grayson County be attacked by a mandamus from the County Court of Fannin County against its clerk?

It is true that appellees have shown, that after the transfer of such records they filed a motion in the District Court of Grayson County for an order transferring such proceedings to the County Court of Fannin County, which was overruled. But if such motion should have been sustained, and was wrongfully overruled, it shows in the strongest possible light that appellees recognize the fact that the jurisdiction in such matters was being exercised by that court, and that this proceeding is an indirect effort to force the District Court, by a writ of mandamus against its clerk, to release its claimed jurisdiction, which it had refused to do upon their motion. Can the orders and judgments of a court of competent jurisdiction be thus revised? We do not think that the writ of mandamus can reach so far.

It is claimed by appellees, with much force, that there was never any proper order transferring the administration from the County Court; that under the Constitution, as amended in 1891, there was no power in the county judge to transfer the administration or the case of Dove et al. v. Howard et al. to the District Court; and that the County Court has never in any way lost its jurisdiction; that the District Court of Grayson County being wholly without jurisdiction, it has no power to render any judgment or order whatever in such matters, and that the County Court under the Constitution has the power to issue the writ of mandamus in order to protect its own jurisdiction.

The plea to the jurisdiction, or motion to dismiss for want of jurisdiction, was properly addressed in the first instance to the District Court of Grayson County. If overruled, the statute points out a clear remedy, and it is well settled that the writ of mandamus can not be allowed to take the place of an appeal or writ of error. Ewing v. Cohen, 63 Texas, 482; High on Ex. Leg. Rem., sec. 184; Wood on Mandamus, 21.

Mr. High says, section 184: "While there are frequent instances of the exercise of the jurisdiction by mandamus over clerks of court, regarding them in the light of ministerial officers, to compel the performance of purely ministerial duties, yet even in this class of cases the relief will be withheld if the party aggrieved has a sufficient remedy by writ of error. Thus, mandamus will not lie to compel a clerk of court to make out and file a transcript of the proceedings in a cause, which, acting under the direction of the court, he has refused to do, even though the court may have erred in its order, since ample remedy is afforded by writ of error."

In this case, it certainly can not be contended that it was the ministerial duty of the District Clerk of Grayson County to transfer to the clerks of the County Court of Fannin County the papers in a cause

pending in such District Court, which the court itself had refused to transfer, and which the clerk was bound by law to keep safely, subject to the orders of the court.   In the case of Pace v. Ortiz, 72 Texas, 439, Judge Stayton fully discusses the question of the ministerial duties of clerk of the District Court and the power to force him by mandamus to act.   In that case the appellant sought to force the clerk by mandamus to issue to him, assignee, certain certificates for services of jurors and bailiffs.   The court said:   "Whatever may have been the form of the certificate appellant demanded the clerk should issue and deliver to him, his demand was for the performance of acts which the law does not make purely the ministerial duty of appellee as clerk, and for this reason, both the general demurrer and first special exception should have been sustained.   If appellant be the owner of the claims on which he bases his action, then he has other adequate remedy than that now sought, and this of itself would be a sufficient reason why a writ of mandamus should not be awarded."

The power in the County Court, under the Constitution, to issue the writ of mandamus in order to protect its jurisdiction is no greater than the same power conferred upon the District Court to maintain its own jurisdiction.   But such powers were not intended as weapons by which such courts should destroy their own harmony.   If one court could use the writ to seize and carry away the records and papers in the custody of another, the latter, with equal powers, might in its turn invoke the same writ for their return, and thus the collisions would destroy that judicial comity which is the great balance wheel of our government.

The District Court is certainly competent to pass upon the question of its own jurisdiction, and if any party is aggrieved by its decision, ample provision has been made for appeal, even to the highest court in the State.

Upon the question of conflicting jurisdictions, the opinion of the Supreme Court of Ohio, in the cases of Ex Parte Bushnell and Ex Parte Langston et al., 8 Ohio, 601, though rendered in time of high political excitement, is worthy of commendation.   The court says: "The District Court now has possession of the case and the parties to it, and has the legal power and capacity to hear and determine for itself the question of its own jurisdiction and right to act in the premises.   The local presumption in such cases always is, that a court thus assuming to act will determine the question of its own jurisdiction correctly, until it has acted finally upon it.

"Hence it is a rule founded upon the comity which does, and for the prevention of unpleasant collision should, always subsist between judicial tribunals, that where a court of general jurisdiction, and legally competent to determine its own jurisdiction, has acquired prior jurisdiction, de facto, over person or subject matter, no other court will interfere with or seek to arrest its action while the case is still pending and undetermined.   This rule is sustained and supported by all the

analogies of the law.   See Smith v. Iver, 9 Wheat., 532; Hagan v. Lucas, 10 Pet., 400; Taylor v. Carryl, 20 How., 594; United States v. Morris, 2 Am. L. R., 351; Ex Parte Robinson, 6 McLean, 363; Keating v. Spink, 3 Ohio St., 105; Hurd on Habeas Corpus, 199 et seq.

"It is right in principle, and preventive of unpleasant collision between different tribunals."

It certainly can not be contended that the District Court, acting under what it may believe to be a proper jurisdiction, and having in its custody valuable property in the hands of administrators, has any less power to maintain its custody than it would if its officer were a receiver or other custodian.   Taylor v. Carryl, 20 How., 594.

In the removal of causes from the State to the Federal courts, some nice questions have arisen under the United States statutes, which provide that in proper cases, upon compliance with certain requirements, the cause shall be removed to the Federal court, and the jurisdiction of such court shall attach.   Mr. High says:   "As regards the power of the Circuit Courts of the United States over the State courts of general jurisdiction, to compel them to allow the removal of a cause into the Federal courts, while the existence of such power has been asserted as necessary for the exercise of the jurisdiction of the United States Courts, yet the doctrine may now be regarded as too well established to admit of question, that such power does not exist.   *   *   *   They will not, therefore, attempt by mandamus to review the decision of a State court upon an application of this nature, or compel it to remove the cause to the Federal tribunal.   The appropriate remedy in such case is by appeal to the Supreme Court of the State, and thence to the Supreme Court of the United States."   High Ex. Leg. Rem., sec. 227; Hough v. Transportation Co., 1 Biss., 425.   See also Welch v. The People, 38 Ill., 20.

The doctrine has been fully settled, that even though upon the presentation of a proper application and bond for removal of a cause to the Federal court, the jurisdiction of the former court ceases and the jurisdiction of the latter court attaches, eo instanti; still the State court has the power to pass upon the sufficiency of the application and bond, and if the motion is overruled, the remedy must be sought by appeal to the appellate courts of the State.   Durham v. Southern L. & I. Co., 46 Texas, 182; Railway v. Harrison, 73 Texas, 103; Henderson v. Cabell, 83 Texas, 541; Railway v. Bloom, 85 Texas, 279.   In such a case, even though the proper application and bond has been presented to the State court and the jurisdiction has properly attached to the Federal court, still it could not properly issue a writ of mandamus to the State court requiring it to make the transfer, for the reason that the State court has the power to pass upon its own jurisdiction, and if a party is injured by its ruling, there is ample remedy by appeal.   In no other way can the harmony between the different courts be preserved.

In this case, it appears that the District Court of Grayson County has assumed and has been exercising jurisdiction over the parties and the subject matter for several years; all the parties before that court are interested, and have a right to be heard upon the question of jurisdiction, and that court is the proper one to pass upon it; the County Court of Fannin County since the transfer of the case does not seem to have exercised or claimed jurisdiction until this suit was brought; the question of jurisdiction is not before us, and we can not undertake to pass upon it on an appeal from a judgment of the County Court granting a writ of mandamus against the clerk of the District Court. The court below, under the undisputed facts, had no proper ground for issuing the writ. The clerk of the District Court could not obey it without disobeying the orders of his own court.

The judgment is reversed, and here rendered for appellant.

*Reversed and rendered.*

Delivered May 1, 1895.