## EDWARD T. HARRISON, RECEIVER, v. C. W. LITTLEFIELD.

Decided November 20, 1909.

**Injunction—Pendency of Another Suit.**

Application for injunction in a pending suit in a District Court to restrain the defendant from prosecuting a suit involving the same controversy between the same parties in the District Court of another county, considered, and held improperly granted because there was no averment that the court in which the application was made first acquired jurisdiction over the cause of action, and this, though the court granting the injunction had overruled defendant's plea of privilege to be sued in his own county,

Appeal from the District Court of Palo Pinto County. Tried below before Hon. W. J. Oxford.

*J. L. Goggans* and *D. A. Eldridge,* for appellant.

*Penix & Eberhart,* for appellee.

SPEER, Associate Justice.—This appeal is prosecuted from an order of the District Court granting the writ of injunction upon the following petition:

"C. W. Littlefield v. W. Hogue et al. No. 3802.

"In the District Court of Palo Pinto County, Texas, September term, 1909.

"Now comes C. W. Littlefield, plaintiff in the above-styled and numbered cause, and shows to the court that W. J. Hogue and J. A. Lucas and C. W. McKinney and Edward T. Harrison, receiver for the Union Live Stock Insurance Company, who reside in Dallas County, Texas, are the defendants in said cause.

"Complainant further shows to the court that this suit was filed in this court on the 4th day of February, 1909, in which the present defendants, except the said Edward T. Harrison, were defendants therein, and that the said Edward T. Harrison, as receiver aforesaid, by amendment in vacation filed on the 25th day of August, 1909, was made a party hereto as a proper and necessary party to clear the title to the land sued for in plaintiff's petition; that the said Edward T. Harrison, receiver, and all other defendants were duly served with citation and are now legally before this court.

"That the said Edward T. Harrison, as receiver aforesaid, filed herein his plea of privilege and also his plea in abatement on the 6th day of September, 1909, and also on said date filed an original answer in this cause; that the plea of privilege and plea of abatement were set down for hearing on the 10th day of September, 1909, and that on said date said plea of privilege and plea of abatement were heard by this court and evidence was introduced in support thereof, and after hearing the said pleas and the evidence produced thereon, the court on said date overruled same and set this cause down for trial on the 4th day of October, 1909, and that same is now pending trial in this court on said date.

"That the said Edward T. Harrison, as receiver aforesaid, on the 17th day of August, 1909, brought a suit at Dallas, in Dallas County, Texas, styled Edward T. Harrison, Receiver, v. C. W. McKinney et al., defendants, in the 68th District of said Dallas County, and being numbered on the docket of said court No. 6887-C, in which suit the plaintiff herein and C. W. McKinney, one of the defendants herein, are defendants; that the subject matter in the suit at Dallas is the same and identical with the subject matter in this cause, and was so conceded and announced to this court by the attorneys for the said Edward T. Harrison, receiver, defendant in this cause upon the trial of the said plea of privilege and plea in abatement aforesaid; that W. J. J. Smith, J. Lawson Goggans and D. A. Eldridge, all of whom reside in Dallas County, Texas, are the attorneys, as plaintiff is in-

formed, for the said Edward T. Harrison, receiver aforesaid, in the said suit brought by him in Dallas County, Texas, against this plaintiff and others as aforesaid; that the said cause in Dallas County has been set down for trial on the 16th day of September, 1909, and notwithstanding the order of this court overruling the plea of privilege and plea of abatement as aforesaid, the said Edward T. Harrison, receiver as aforesaid, will prosecute to trial against this plaintiff and others said cause No. 6087-C, in the 68th District Court in Dallas County, Texas, and will thus accomplish the same purpose as though his plea of privilege and plea in abatement had been sustained by this court, and by so trying said cause will nullify in effect the order of this court, and will in effect thus deprive it of jurisdiction to try this cause, and will furthermore be permitting a multiplicity of suits between the same parties about and concerning the same subject matter.

"And complainant further shows to the court that to permit a trial of the said cause in Dallas County, will necessitate this plaintiff in going in person to said Dallas, in Dallas County, Texas, and taking the depositions of quite a number of witnesses, and thus deprive him of being sued in his own county and in the county in which the land, the subject in litigation herein, is situate, and will entail a great expense on the part of this plaintiff in going to said Dallas and in taking the depositions aforesaid and in employing counsel to defend said cause in Dallas County, Texas.

"Wherefore, complainant prays your Honor to grant an order restraining the said Edward T. Harrison, as receiver as aforesaid, and his attorneys, W. J. J. Smith, J. Lawson Goggans and D. A. Eldridge, as the agents of said Edward T. Harrison, as receiver as aforesaid, from further prosecuting said suit aforesaid in Dallas County, Texas, and upon final hearing hereof said temporary injunction be made final, and for general and special relief."

We sustain appellant's contention that the trial court erred in granting the restraining order on the foregoing petition. The authorities all agree that as matter of comity between the courts of the country, that court which first acquires jurisdiction over a cause will be permitted to retain it to the end. There may possibly be some exceptions to this rule, but this can not be one of them. Now, the foregoing petition does not disclose that the District Court of Palo Pinto County first acquired jurisdiction over this cause of action between the present parties, but indeed rather discloses that the District Court of Dallas County first acquired such jurisdiction. So that we hold that the District Court erred in granting the injunction, without discussing the interesting question of whether or not one District Court can make an order enjoining the prosecution of a suit in another court of co-ordinate jurisdiction. See Gulf, C. & S. F. Ry. Co. v. Cleburne Ice & Cold Storage Co., 37 Texas Civ. App., 334; Rains v. Reasonover, 46 Texas Civ. App., 290, and Wilson v. Baker, 64 Cal., 475. Reversed and remanded.

*Reversed and remanded.*