**CUNNINGHAM, Judge, et al. v. CITY OF CORPUS CHRISTI.   (No. 7184.)**

(Court of Civil Appeals of Texas. San Antonio. Feb. 20, 1924. Rehearing Denied March 26, 1924.)

1. **Mandamus** ⚖️4(1)—**Not available when appeal or writ of error lies.**

Mandamus cannot take the place of an appeal or writ of error.

2. **Courts** ⚖️475(1)—**Attempts to invade jurisdiction of courts of equal and of lower powers are contrary to public policy.**

Attempts to invade the legal and constitutional jurisdiction of courts of equal or even lower powers through a writ of mandamus, or in any other way, are provocative of clashes between judicial tribunals, which should never occur, and are against public policy.

3. **Courts** ⚖️475(13)—**Issuance of writ of mandamus by criminal district court, restraining district court in matter pending in latter court, held wrongful interference with its jurisdiction, which it could enjoin.**

Where a district court obtained jurisdiction of a suit by a city to restrain a gas company from digging trenches along the streets and from laying pipes therein for transporting gas, in which the gas company's answer set up a cross-suit praying for a vacation of the temporary injunction and for an order compelling the city to grant permit to defendant for laying mains and pipes; issuance, pending such suit, of a writ of mandamus by the criminal district court, on defendant's application, to compel the city to approve maps for extension of gas mains across the streets of the city, *held* wrongful interference with the jurisdiction of the district court which latter could restrain by an injunction against the criminal district court, its judge, and the gas company.

### On Motion for Rehearing.

4. **Dismissal and nonsuit** ⚖️5—**Answered cross-suit could not be dismissed in vacation.**

Where defendant's cross-suit was answered, it could not be dismissed in vacation even by entry on the docket and the payment of the cost, which but for the answer would be sufficient under Rev. St. art. 1898, to dismiss the cross-suit.

5. **Abatement and revival** ⚖️4—**Essentials of plea because of another action pending stated.**

To sustain a plea in abatement because of another action pending, the causes of action and the parties must be identical.

6. **Courts** ⚖️42(6)—**Criminal law** ⚖️86—**Act creating criminal district court held valid, but powers of such court limited to those conferred.**

Acts 1st Called Sess. 37th Leg. (1921) c. 8 (Vernon's Ann. Code Cr. Proc. Supp. 1922, art. 97½ et seq.), creating a criminal district court for certain counties and defining the jurisdiction and the duties of such court, *held* valid, in view of Const. art. 5, § 1, relative to legislative authority to create courts, but such court has no power beyond powers conferred by act creating it.

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit in the district court by the City of Corpus Christi against the Corpus Christi Gas Company and others, in which the district court entered an order restraining A. W. Cunningham, as Judge of the Criminal District Court of Nueces County, from proceeding further, on defendant's application for writ of mandamus directed against plaintiff, and from interfering with the jurisdiction of the district court until further orders, and from that order Cunningham and the gas company appeal. Affirmed.

Dougherty, Dougherty & Tarlton, of Beeville, and J. D. Williamson, of Waco, for appellants.

J. M. Taylor and Boone & Savage, all of Corpus Christi, for appellee.

FLY, C. J. The history of this case is that on March 1, 1923, the city of Corpus Christi filed a petition in the district court, presided over by Hon. W. B. Hopkins, against the Corpus Christi Gas Company, the White Point Production Company, H. S. Bettes, and L. D. Prewitt, seeking an injunction to restrain them from tearing up the streets, from digging trenches along the same, and from laying pipes along and across the streets for the purpose of transporting natural gas from the mains of the White Point Production Company. A temporary restraining order was granted by Judge Hopkins and the cause set down for a hearing on March 3, 1923. The defendants in the suit filed an answer, and the Corpus Christi Gas Company set up a cross-action against the plaintiff, praying that the temporary injunction be set aside, that defendants be granted an injunction restraining the city of Corpus Christi from interfering with the gas company in laying its pipes along the streets, and that said city be ordered to grant a permit for laying mains and pipes to the gas company. Further hearing of the cause was set for March 9th, and other postponements had, up to and including one by operation of law on October 12, 1923. On January 11, 1924, in vacation, the gas company filed a paper seeking to dismiss its cross-action. The temporary writ was in effect all the time and is to this day.

On January 2, 1924, the Corpus Christi Gas Company presented its petition for a mandamus to Hon. A. W. Cunningham, judge of the criminal district court of Nueces county, in which it was sought to compel the city of Corpus Christi, to approve maps for extension of gas lines along and across the streets of the city. The judge of the criminal district court, in chambers, immediately issued a notice to the city and its council to appear on January 9, 1924, and show cause why a writ of mandamus should not be granted as prayed for by the gas company.

On the application of the appellee herein, the city of Corpus Christi, filed on February 4, 1924, a temporary writ of injunction was issued by Hon. W. B. Hopkins, restraining Hon. A. W. Cunningham, judge of the criminal district court, and the gas company, from proceeding with a hearing of the application of the gas company for a writ of mandamus directed against appellee, and the matter was set down for a hearing on January 11, 1924, and on that date, after a hearing, a temporary writ of injunction was issued restraining the said Cunningham from issuing any other order or taking any other action in and about said application for a mandamus, or the subject-matter thereof, and from in any manner interfering with the jurisdiction of the district court of Nueces county or the judge thereof, until further orders of said court at its regular term to convene in the city of Corpus Christi on February 18, 1924. This appeal is prosecuted by appellants, A. W. Cunningham and Corpus Christi Gas Company.

There was a suit pending in the district court of Nueces county, presided over by Hon. W. B. Hopkins, involving all the issues between the city and the gas company. That court had undoubtedly obtained full jurisdiction over the cause, and while that suit was pending another district court sought to interfere with the jurisdiction of the court which had obtained jurisdiction, and by its action sought to litigate the subject-matter of the suit and oust the original court of its jurisdiction. That court undoubtedly had the right and authority to protect its jurisdiction from the unlawful attempts to destroy it, whether made by judge, court, or corporation. Should it be admitted that the criminal district court of Nueces county has the power to perform the duties and exercise the powers of any other district court, still it had no authority to invade the jurisdiction of another court of co-ordinate and equal powers, and proceed to decide a cause pending on the latter's docket, and the court whose jurisdiction has been invaded has the power to restrain such unlawful procedure. As said by Mr. Joyce (volume 1, Injunctions. § 83):

"Courts of equity will not ordinarily interfere with other courts which have acquired control of the controversy, and are competent to afford relief. This rule is applied where courts of law and equity have concurrent jurisdiction of the res, and a court of law has first acquired jurisdiction of the controversy by an action brought therein."

In the case of Walker v. Howard, 10 Tex. Civ. App. 602, 30 S. W. 1091, the following decision by the Supreme Court of Ohio, in Ex parte Bushnell, 8 Ohio St. 601, is quoted with approval:

"The district court now has possession of the case and the parties to it, and has the legal power and capacity to hear and determine for itself the question of its own jurisdiction and

right to act in the premises. The legal presumption in such cases always is that a court thus assuming to act will determine the question of its own jurisdiction correctly, until it has finally acted upon it. Hence it is a rule founded upon the comity which does, and, for the prevention of unpleasant collision, should always, subsist between judicial tribunals, that where a court of general jurisdiction, and legally competent to determine its own jurisdiction, has acquired prior jurisdiction, de facto, over person or subject-matter, no other court will interfere with or seek to arrest its action while the case is still pending and undetermined. This rule is sustained and supported by all the analogies of the law. * * * It is right in principle and preventive of unpleasant collision between different tribunals."

[1-3] If the action of the district court of Nueces county, in the present case has not been satisfactory, the criminal district court of that county has no authority to review that action, or in any manner interfere with the jurisdiction of the district court, which is competent to pass on its own jurisdiction, and an aggrieved party cannot review its action through a writ of mandamus issued by a court in an attempt to grant relief, where it can only be obtained by an appeal to a higher court. A mandamus cannot take the place of an appeal or writ of error. Attempts to invade the legal and constitutional jurisdiction of courts of equal or even lower powers, through a writ of mandamus, or in any other way, are provocative of clashes between judicial tribunals, which should never occur, and not only contrary to precedent, but in the face of public policy. Ewing v. Cohen, 63 Tex. 482; Kidder v. Hall (Tex. Sup.) 251 S. W. 497; Stein v. Benedict, 83 Wis. 603, 53 N. W. 891.

There was no discontinuance of the cross-action according to the manner and form provided in article 1898, Rev. Stats. of Texas. The dismissal was not placed on the docket, nor the costs paid, but only a motion to dismiss filed, which was not acted on by the court. The cross-action is still pending. The motion was filed on the day that Judge Hopkins acted on the application for the writ of injunction to protect his jurisdiction.

We do not deem it necessary to pass upon the constitutionality of the act creating the criminal district court of Nueces county, as we are fully convinced that the issuance of the writ of mandamus by that court was an unnecessary interference with, and an attempted invasion of, the jurisdiction of a district court over a matter pending before it, and that the latter had the right, power, and authority to enjoin such criminal district court, its judge, and the gas company from such unwarranted interference.

The judgment is affirmed.

### On Motion for Rehearing.

[4] Appellants occupied the position of plaintiffs in their cross-action, just as they would have occupied that position in a separate suit instituted by them. The law provides the method for the dismissal of a suit in vacation. The motion to dismiss the cross-action was filed in vacation, it was not entered on the docket, and there was no payment of the costs. This would be the rule if there had been no answer to the cross-action. The cross-action had been answered by the appellee, and it could not be dismissed in vacation, even by entry on the docket and paying the costs. Article 1898, Rev. Stats.; Williams v. Williams (Tex. Civ. App.) 38 S. W. 261; Hill v. Patterson (Tex. Civ. App.) 191 S. W. 621. The cross-action was not dismissed.

It seems to be the position of appellants that this court has attempted to override all the decisions on the subject heretofore rendered by the courts of Texas, among the number being: Payne v. Benham, 16 Tex. 364; Railway v. Dowe, 70 Tex. 1, 6 S. W. 790; Simmang v. Braunagel (Tex. Civ. App.) 27 S. W. 1032; Seeligson v. Gifford, 46 Tex. Civ. App. 566, 103 S. W. 416; Harrison v. Littlefield, 57 Tex. Civ. App. 617, 124 S. W. 212; Pullman v. Hoyle, 52 Tex. Civ. App. 534, 115 S. W. 315; Cole v. State (Tex. Civ. App.) 163 S. W. 353; Twin City Co. v. Birchfield (Tex. Civ. App.) 228 S. W. 616; Sparks v. Lasater (Tex. Civ. App.) 232 S. W. 346; Priddy v. Business Men's Oil Co. (Tex. Civ. App.) 241 S. W. 770, and (Tex. Com. App.) 250 S. W. 156; Smith v. Patton (Tex. Com. App.) 241 S. W. 109. If it be true that the opinion of this court has ignored and placed itself in conflict with this long list of decisions, both its own, those of other Courts of Civil Appeals, Commission of Appeals, and Supreme Court, "it were a grievous fault," and the existence of such conflict will provide a safe means for entering the Supreme Court, without fear of having "dismissed for want of jurisdiction" inscribed on the application for writ of error. It is regrettable that the points of conflict have not been indicated to this court, so that our opinion might have been made to conform to these various decisions. However, a consideration of the cases convinces this court that there is no conflict either real or apparent. A review of the cases by this court need not be written into this opinion, because it would be of no practical value.

[5] It has been suggested that the writ of injunction should not have been issued, because the matter should have been reached by a plea in abatement. However, that plea would not have been efficacious in this suit for the reason that the parties were not the same nor the cause of action the same. The plaintiff in the one suit was the defendant in the other. "In such case the general rule is to the effect that the plea of a prior action pending applies only where plaintiff in both suits is the same person, and both are commenced by himself, and not to * * *

cross-suits by a plaintiff in one suit who is defendant in the other; in other words, that where the party defendant in the prior suit is plaintiff in the subsequent suit, the first suit cannot be pleaded in abatement of the second." McCoy v. Bankers' Trust Co. (Tex. Civ. App.) 200 S. W. 1138; Priddy v. Oil Co. (Tex. Civ. App.) 241 S. W. 770, affirmed in (Tex. Com. App.) 250 S. W. 156. There was but one remedy for appellee, and that the equitable one of injunction.

[6] In addition to the reasons given for sustaining the judgment granting the injunction, we are of the opinion that the district court created by the act of the First Called Session of the 37th Legislature, General Laws, p. 12 et seq. (Vernon's Ann. Code Cr. Proc. Supp. 1922, art. 97½ et seq.), was and is a duly constituted court with the powers given it, and no others, under that act. That act provides for a criminal district court for the counties of Nueces, Kleberg, Kenedy, Willacy, and Cameron, and clothes it with exclusive jurisdiction over criminal cases to "try and determine all causes for divorce between husband and wife and adjudicate property rights in connection therewith in said counties, and try and determine all causes for the collection of delinquent taxes and the enforcement of liens for the collection of the same." The other district court, in the Twenty-Eighth district, was, by the act, deprived of all jurisdiction over the cases over which the criminal district court was given jurisdiction.

Article 5, § 1, of the state Constitution, provides that the judicial power of the state shall be vested in one Supreme Court, Courts of Civil Appeals, in a Court of Criminal Appeals, in district courts, in county courts, in commissioners' courts, in courts of justices of the peace, and in such other courts as may be provided by law. It is further provided:

"The Legislature may establish such other courts as it may deem necessary, and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto."

We are of opinion that under that authority the Legislature was authorized to create the criminal district court of the Twenty-Eighth district and confer on it criminal jurisdiction and the limited jurisdiction conferred upon it in civil matters. The Legislature has defined the jurisdiction and prescribed the duties of the criminal district court, and it has no power outside of or beyond those conferred by the statute of its creation. It follows that the writ of mandamus issued by the judge of the criminal district court was null and void. We need not enter into a discussion of this question. The language of the Constitution is plain and explicit and cannot be strengthened by argument.

This court is informed in one clause of the motion for rehearing that "the appropriate remedy was by plea in abatement, so that the litigant could then determine when to dismiss his cross-action and prosecute his independent suit or dismiss the independent suit, and prosecute the cross-action, and Judge Hopkins erred in attempting to make the election for the litigant by way of injunction." In the next succeeding paragraph of the motion this court is informed that the causes of action, and the parties to the litigation were not identical. If the last proposition be true, it is difficult to understand how a plea in abatement would reach the matter and provide a remedy. The law requires the causes of action and parties to be identical before a plea in abatement would be efficacious.

While the causes of action in the two courts were not identical, so as to permit the plea in abatement to prevail had it been invoked, the gist of the two actions was the same, and the act of the criminal court was an invasion of the jurisdiction of the district court before which it was pending. In addition, the attempted invasion of the jurisdiction of that court was clearly beyond the powers and authority of the criminal district court and could be restrained by the court holding jurisdiction.

The motion for rehearing is without merit, and is overruled.