### CORZELIUS v. COSBY PRODUCING & ROYALTY CO. et al.

### No. 12768.

Court of Civil Appeals of Texas. Fort Worth.

June 11, 1932.

Scott, Brelsford, McCarty & Brelsford, of Eastland, Rice M. Tilley, of Fort Worth, and Wayne R. Howell, of Corsicana, for appellant.

Fred S. Dudley, of Fort Worth, for appellees.

DUNKLIN, J.

The above-entitled suit was instituted in the district court of the Ninety-Sixth judicial district in Tarrant county by Wm. C. Leake against the Cosby Producing & Royalty Company, the Oil Operators' Trust, and E. R. Cosby, for the purpose of impounding and administering the assets of the two corporations through the means of a receivership which was prayed for; the alleged necessity for which has arisen as the result of alleged mismanagement of the affairs of those corporations and the wrongful conversion of the assets by the defendant Cosby, who is in sole control thereof without lawful authority from the respective boards of directors of those companies. That suit was instituted on August 5, 1931, and on the same day, and on an ex parte hearing of the petition John Farrell was appointed receiver of the two defendant companies with authority to take possession of all of their assets and particularly of two oil leases situated in Pecos county. Later E. J. McCurdy, Jr., was appointed receiver to succeed Farrell who had resigned.

Prior to the institution of the suit in the Ninety-Sixth district court, the Cosby Producing & Royalty Company had instituted a suit in the Eighty-Third district court of Pecos county against Frank Corzelius, trustee, to recover title to the leases later involved in the suit in the Ninety-Sixth district court of Tarrant county; and the defendant Corzelius had filed an answer to that suit, together with a cross-action against the plaintiff to recover an undivided interest in one of the leases, under claim of an alleged assignment of such interest by the plaintiff in that suit. On Au-

gust 31, 1931, the district judge of the Ninety-Sixth district court granted the receiver theretofore appointed by him leave to file a plea of intervention in the district court of Pecos county in the suit there pending, and, in obedience to that order, the receiver did file such a plea of intervention, without questioning the jurisdiction of that court and asserting title to the leases in the receiver, and resisting the cross-action theretofore filed by Corzelius.

Later, on January 13, 1932, E. R. Cosby, as trustee, for "The Heart of the Yates Field Royalty Club," alleged to be a "common-law trust," was granted leave to intervene in the suit in the Ninety-Sixth district court upon allegations that the intervener was the owner of a one-eighth royalty interest in one of the Pecos county leases, and, by reason of such ownership, was entitled to receive a corresponding proportion of the oil runs from that lease.

Later, and on February 23, 1932, the judge of the Ninety-Sixth district court granted that intervener's application for a writ of injunction restraining Frank Corzelius, trustee, from further prosecuting his cross-action in the district court of Pecos county in the suit hereinabove referred to, and further ordering the Humble Oil & Refining Company, who had been made a party defendant to that intervention, to immediately pay into the registry of the Ninety-Sixth district court in the receivership case $9,923.74, representing oil runs from the lease in which that intervener claimed an interest, and likewise to pay into that court all future sums arising from the same source. From that order Frank Corzelius, trustee, has prosecuted this appeal.

█ Since the jurisdiction to adjudicate the title to the property and all incidents thereto involved in the suit in the district court of Tarrant county for the Ninety-Sixth district had already vested in the district court of Pecos county prior to any of the proceedings in the Ninety-Sixth district court, such jurisdiction of the district court of Pecos county was exclusive and could not be destroyed or interfered with by the district court of the Ninety-Sixth district. We deem it hardly necessary to cite authorities in support of that well-settled rule.

In the opinion by Chief Justice Cureton in Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063, there is a definite announcement of the rule that the court which first acquires jurisdiction of a cause of action will retain the same to the exclusion of other courts of concurrent jurisdiction. See 1 Texas Jurisprudence, p. 93; 11 Texas Jurisprudence pp. 775 to 780; Harrison v. Littlefield, 57 Tex. Civ. App. 617, 124 S. W. 212; Street v. Case Threshing Mach. Co. (Tex. Civ. App.) 188 S. W. 725, announcing the same rule, with cita-

tion of numerous decisions in support of the announcement.

 Moreover, subdivision 14 of article 1995, Rev. Civ. Statutes, provides that: "Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

Hence the district court of Pecos county had exclusive jurisdiction to adjudicate the claim of title to one of the leases asserted by Corzelius in his cross-action filed in that court; and the injunction issued by the judge of the district court of Tarrant county restraining him from the exercise of that legal right was manifestly erroneous, and especially so since the court granting the injunction had no jurisdiction to determine that issue of title.

Furthermore, the rule is that the intervener takes the case as he finds it; and the intervener in this case was in no position to claim the injunctive relief prayed for, since the same would necessarily interfere with the jurisdiction of the district court of Pecos county over the title to the leases and all the oil runs therefrom; and especially so after the receiver had already appeared in that court and invoked its jurisdiction over those matters prior to the filing of the intervention in the district court of the Ninety-Sixth district. See 20 R. C. L. p. 692; 47 C. J. p. 103; Ragland v. Wisrock, 61 Tex. 391.

We sustain another assignment of error to the order granting the injunction in question, on the ground that the writ was granted without requiring the intervener to file a bond with two or more good and sufficient sureties to be approved by the clerk in a sum fixed by the order of the judge, conditioned that intervener would abide by the decision made in the cause and would pay all sums of money and costs that might be adjudged against him in the event the injunction should be dissolved in whole or in part, as provided by article 4649, Rev. Civ. Statutes. This statute has been construed to be mandatory, with the further holding that a writ of injunction issued without such a bond is void. See Farb v. Theis (Tex. Civ. App.) 250 S. W. 290; Griffith v. State (Tex. Civ. App.) 210 S. W. 293; American Rio Grande Land & Irr. Co. v. Ford (Tex. Civ. App.) 260 S. W. 277; Holland Texas Hypotheek Bank v. Linscome (Tex. Civ. App.) 37 S.W.(2d) 268.

Accordingly, the judgment of the trial court is reversed, and the order requiring the Humble Oil & Refining Company to pay into the registry of that court the sum of $9,923.74 and all other sums of money which may hereafter come into its possession representing oil runs from the leases in controversy in this suit, and restraining Frank Corzelius, trustee, from further prosecuting his cross-action in the district court of Pecos county in the case of Cosby Producing & Royalty Company v. Frank Corzelius, or in any manner interfering with the properties in controversy in this suit during the pendency of the receivership, is hereby set aside and vacated. The cost of this appeal will be adjudged against the intervener, E. R. Cosby, trustee, for the Heart of the Yates Field Royalty Club.