**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Shannon L. MORRIS et al., Appellees.**

**No. 15231.**

Court of Civil Appeals of Texas.

Houston (1st Dist.)

March 14, 1968.

Rehearing Denied April 4, 1968.

Joe Resweber, County Atty., Gus Drake, Asst. County Atty., Houston, Joe L. Stanley, Austin, for Safety-Responsibility Bureau of Dept. of Public Safety, amicus curiae, for appellant.

R. E. McDaniel, Winnie, Carey Williams, Houston, for appellees.

COLEMAN, Justice.

This is an appeal from a judgment of the County Civil Court at Law No. One of Harris County, Texas, setting aside numerous orders of the Department requiring surrender of drivers' licenses and automobile license plates and granting other relief.

The principal question involved is whether the Department can ignore previous orders issued by the County Court of Shelby County staying the suspension of appellees' drivers' licenses on the ground that such orders are void by reason of the fact that Shelby County was not the county in which the various appellees resided when they appealed from the action of the Department in suspending their drivers' licenses.

■ By virtue of Section 31, Article 6701h, Vernon's Ann.Civ.St., the Texas Department of Public Safety is authorized to order the surrender of all drivers' licenses and motor vehicle registrations which have been suspended under the authority granted by said statute. The Department agrees that it has no authority to order the surrender of appellees' drivers' licenses and motor vehicle registrations unless they were suspended at the time the surrender order was issued. If the stay orders issued by the County Court of Shelby County are not void, and thus subject to collateral attack, the orders of the Department suspending the drivers' licenses of appellees were suspended and ineffectual at the time the Department ordered the surrender of the licenses and automobile registrations. Texas Department of Public Safety v. King, 366 S.W.2d 215 (Tex. 1963). The stay orders granted appellees by the County Court of Shelby County are temporary orders from which no appeal lies. Texas Department of Public Safety v. Morris, 411 S.W.2d 620 (Tex.Civ.App., Houston 1967).

In this case the appeals to the court in Harris County were from the surrender orders issued by the Department. Appellees proved residence in Harris County at the time these appeals were taken, and proved the existence of the Shelby County stay orders in support of their pleas that there were no effective suspension orders at the time the surrender orders were issued. The Department offered to prove that none of the appellees were residents of Shelby County at the time the suspension orders were appealed to the County Court of that county. Appellees objected to this evidence on the ground that it constituted a collateral attack on the order of the Shelby County Court and that it was immaterial. The trial court admitted this evidence as to some of the appellees. There is in the record a stipulation that were the other appellees required to answer questions concerning their residence over these objections, they would testify that they were never residents of Shelby County.

It is stipulated that in each case filed in Shelby County the record consists of the plaintiff's petition and the stay order issued by the county judge. The Department has filed no answers and no final judgments have been entered. The petitions do not allege that the petitioners are residents of Shelby County. Nothing in the record reflects that they are nonresidents. The stay orders issued by the Shelby County Court do not specifically adjudicate the question of residence, although each of them recites: "* * * and it appearing to the Court that said application is in due form and that the law and the facts are such that same should be granted; * * *."

■ The provision of Article 6701h, Sec. 2(b), authorizing appeals to a court "in the county wherein the person aggrieved by such order or act resides" confers exclusive jurisdiction and is not a mere venue statute. Schwantz v. Texas Department of Public Safety, 415 S.W.2d 12 (Tex.Civ. App., Waco 1967, writ ref.).

■ As a general rule, upon collateral attack the validity of a judgment cannot be determined except by the record in the case. Unless the record negatives the existence of facts that are essential to the court's jurisdiction, the law conclusively presumes upon collateral attack that those facts were established by the evidence in the case. Security Trust Co. of Austin v. Lipscomb ounty, 142 Tex. 572, 180 S.W.2d 151 (1944); Carroll v. McLeod, 133 Tex. 571, 130 S.W.2d 277 (1939, opinion adopted).

A leading case on this question is Templeton v. Ferguson, 89 Tex. 47, 33 S.W. 329 (1895). This case was considered by the Supreme Court of Texas in Easterline v. Bean, 121 Tex. 327, 49 S.W.2d 427 (1932), and there the Court said:

The court in that case, in effect, held that the question of the validity of judicial proceedings for want of jurisdiction may arise in: (1) Cases over which a court under the very law of its creation has not possible power, i. e., administration upon the estate of a living person,

etc. In such case the law raises no presumption in their support. (2) Cases over which the law has conferred upon the court general judicial power, but its right to exercise it in a particular case is challenged upon the ground that no such state of facts existed or that no such preliminary steps have been taken as would authorize the court to exercise its powers in the given case.

■ In order to have the protection against collateral attack afforded by the presumptions discussed, the court rendering the judgment involved must be a court of general jurisdiction in the exercise of its ordinary judicial function. Otherwise the record and judgment must affirmatively show jurisdiction. Cunningham v. Robison, 104 Tex. 227, 136 S.W. 441 (1911).

■ The County Court of Shelby County in entertaining appeals from orders of the Texas Department of Public Safety is a court of general jurisdiction exercising its ordinary judicial function. Williams v. Texas Department of Public Safety, 371 S.W.2d 747 (Tex.Civ.App., Houston 1963).

In a comprehensive article entitled "Collateral Attacks on Judgments", 41 Texas Law Review 499, Professor Gus M. Hodges says (at page 429):

The rule excluding extrinsic evidence is variously stated as holding that such evidence may not be considered to contradict judgment recitations, or the other parts of the record, or the presumptions supporting a silent record. It might be more broadly, accurately, and simply put, that on collateral attack extrinsic evidence may not be used to establish a lack of jurisdiction.

While it appears that there are no Texas cases on the point, the Supreme Court of Missouri has held that the rule against permitting collateral attack applies to pro-

tect interlocutory orders and proceedings as well as final judgments. State ex rel. Van Hofften v. Ellison, 285 Mo. 301, 226 S.W. 559 (1920). The decision in this case is approved in an annotation found in 12 A.L.R. 1165–1166.

In Cunningham v. City of Corpus Christi, 260 S.W. 266 (Tex.Civ.App., San Antonio 1924), in the opinion for the Court Chief Justice Fly says:

In the case of Walker v. Howard, 10 Tex.Civ.App. 602, 30 S.W. 1091, the following decision by the Supreme Court of Ohio, in Ex parte Bushnell, 8 Ohio St. 599, 601, is quoted with approval:

"The district court now has possession of the case and the parties to it, and has the legal power and capacity to hear and determine for itself the question of its own jurisdiction and right to act in the premises. The legal presumption in such cases always is that a court thus assuming to act will determine the question of its own jurisdiction correctly, until it has finally acted upon it. Hence it is a rule founded upon the comity which does, and, for the prevention of unpleasant collision, should always, subsist between judicial tribunals, that where court of general jurisdiction, and legally competent to determine its own jurisdiction, has acquired prior jurisdiction, de facto, over person or subject-matter, no other court will interfere with or seek to arrest its action while the case is still pending and undetermined. This rule is sustained and supported by all the analogies of the law. * * * It is right in principle and preventive of unpleasant collision between different tribunals."

In Neal v. Texas Employers' Ins. Ass'n., 118 Tex. 236, 14 S.W.2d 793 (1929)[1], the Supreme Court of Texas held:

"PER CURIAM. The record in this case shows that the petition of the Texas

---

1. At the time the only court having jurisdiction of a suit to set aside an award of the Industrial Accident Board was a court in the county in which the accident occurred. Oilmen's Reciprocal Ass'n. v. Franklin, 116 Tex. 59, 286 S.W. 195 (1926).

Employers' Insurance Association to set aside the award in favor of the plaintiff in error, Neal, by the Industrial Accident Board, was filed in the district court of Reeves county on January 12, 1928, which was before the filing of the instant suit by Neal in the district court of Callahan county to mature the award. This being so, the issues as to whether or not the accident occurred in Reeves county, and as to the jurisdiction of the district court of that county to entertain the suit filed by the Texas Employers' Insurance Association, are justiciable questions in the district court of Reeves county, for the determination of which that court is one of dominant jurisdiction. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063.

"The writ of error is accordingly refused."

■ The County Court of Shelby County has jurisdiction to hear evidence and determine the existence of the facts necessary to establish the jurisdiction of that court to determine the merits of the action. So long as the appeals from the suspension orders filed in that court are pending and undetermined, no other court will interfere with its action or adjudicate the question of its jurisdiction in those cases. The temporary stays issued by the Shelby County Court are not void by reason of facts in the record of the particular cases in which the orders were issued and are not subject to collateral attack.

■ The trial court in this case correctly held that the Department failed to sustain its burden of proving the existence of the facts which would authorize it to issue the surrender orders from which this appeal was taken.

■ In its judgment the trial court recited as a ground for the rendition of the judgment the failure of the Department to pay costs adjudged against it by this Court on a former appeal. We do not approve this portion of the trial court's judgment. The Department is prohibited from making any payment except in pursuance of a specific appropriation of funds by the legislature by Article VIII, Section 6, of the Texas Constitution, Vernon's Ann.St. Pickle v. Finley, 91 Tex. 484, 44 S.W. 480 (Tex.1898).

■ While the costs were properly taxed against the Department, payment can only be made from funds appropriated for that purpose by the legislature, and the State, or an agency thereof, will not be penalized by its inability or failure to make such payments. Houtchens v. State, 74 S.W.2d 976 (Tex.Com.App.1934, opinion adopted); Ibanez v. State, 123 S.W.2d 704 (Tex.Civ.App., El Paso 1939); Reed v. State, 78 S.W.2d 254 (Tex.Civ.App., Austin 1934), error dismissed.

While we have carefully considered all other assignments of error, we find it unnecessary to lengthen this opinion by writing further since the points discussed control the disposition of this case.

The judgment of the trial court decreed that all of the various orders of the Texas Department of Public Safety appealed from by the various plaintiffs herein are hereby set aside and voided and declared to be null and void. All of the plaintiffs referred to in this decree are named in Plaintiffs' Third Original Petition. However the trial court by a previous interlocutory order had dismissed from the suit Ray Willard Smith, W. W. Smith, Ladelle S. Sluder, Martin T. Borrago, and Marvin Lee Gibson. They, therefore, were not "plaintiffs" at the time the final judgment was entered.

The judgment of the Trial Court is affirmed.